## Bush Coker v. The State.

No. 2525.   Decided October 15, 1913.

Rehearing denied November 5, 1913.

**1.—Robbery—Indictment—Precedent.**

Where, upon trial of robbery, the indictment followed approved precedent, the same was sufficient. Following Green v. State, 66 Texas Crim. Rep., 446, and other cases.

**2.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not set out the testimony objected to, the same presented no error.

**3.—Same—Evidence—Moral Turpitude.**

Upon trial of robbery, there was no error in rejecting testimony showing that the State's witnesses had been convicted of carrying a pistol for purposes of impeachment; besides, defendant admitted the State's witness' testimony.

**4.—Same—Accomplice—Charge of Court.**

Where the evidence tended in no way to show that the State's witness was a principal or accomplice, there was no error in the court's failure to charge thereon.

**5.—Same—Charge of Court—Firearms—Disjunctive.**

Where the court's charge defining robbery by firearms used the word "or," but no injury was shown, and the jury could not have been misled, there was no error.

**6.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of robbery, the court's charge submitted every essential of robbery as charged in the indictment and also defendant's requested charges, and the evidence showed that defendant deliberately and fraudulently took from

the prosecuting witness at the point of his pistol the money which the latter had won from defendant in a game with cards, the conviction was sustained.

### 7.—Same—Rule of Law Stated—Gaming—Ownership.

It is the settled law of this State where two persons engage in a game of cards, betting money thereon, and one of the parties wins the other's and the party losing delivers the money so lost voluntarily to the winner, and the money so passes into the actual possession of the winner, then, within the meaning of the law, the winner is the owner of the money so passing into his possession.

### 8.—Same—Article 743, Code Criminal Procedure.

Under article 743, Code Criminal Procedure, a judgment of conviction shall not be reversed unless the error appearing from the record was calculated to prejudice the rights of the defendant, and where a portion of the charge of the court, although conflicting and improper, was all to the advantage of defendant, he could not complain, the jury having assessed the lowest penalty.

### 9.—Same—Sufficiency of the Evidence.

Where, upon trial of robbery by firearms, the evidence established the guilt of defendant under a proper charge of the court, there was no error.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of robbery by firearms; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. D. Abney* and *Wear & Frazier,* for appellant.—On question of good faith of defendant in demanding money which he honestly believed to be his: Sims v. State, 36 Texas Crim. Rep., 154; Carr v. State, 55 Texas Crim. Rep., 352, 116 S. W. Rep., 591; Glenn v. State, 49 Texas Crim. Rep., 349, 92 S. W. Rep., 806; Smith v. State, 81 S. W. Rep., 712.

On question of court's failure to charge on accomplice testimony; Walker v. State, 37 S. W. Rep., 423; Johnson v. State, 58 Texas Crim. Rep., 244, 125 S. W. Rep., 16; Franklin v. State, 53 Texas Crim. Rep., 388, 110 S. W. Rep., 909; Richards v. State, 90 S. W. Rep., 1017; Wyatt v. State, 55 Texas Crim. Rep., 73, 114 S. W. Rep., 812.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of court's charge as to defendant's good faith: Glenn v. State, 49 Texas Crim. Rep., 349.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction of robbery, alleged to have been committed on or about June 16, 1912.

Appellant, with Ed Harris and others, engaged in gambling with cards for an hour or more. He had $9 or $9.75 when the gaming began, and bet small amounts from time to time till he lost it all, said Harris, it seems, winning all of it. The last bet he lost to Harris was 75 cents. He then quit the game and left the room, but soon returned

with a drawn and cocked pistol, demanding of Harris the money he had lost. Harris then had, all told, $30 to $35. At the point of the pistol he forced Harris to deliver all this money to him, which he carried off and appropriated. He required, by threat to kill, Joe Sexton to pick up this money from Harris and hand it to him. As soon as he forced the delivery of the money to him, he fired off his pistol twice.

The indictment is in accordance with the statute and approved form, and the decisions of this court—Penal Code, article 1327; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593; Robinson v. State, 67 Texas Crim. Rep., 170, 149 S. W. Rep., 186—and is good.

By one bill appellant objected to the testimony of Cecil Madison because she did not identify appellant, and the occurrence. The court overruled this objection on the ground she had identified the occurrence. The bill in no way shows what her testimony was, and does not present any error.

"For the purpose of impeaching said Joe Sexton, and of connecting him with the offense for which the defendant was on trial," appellant offered the records from the County Court of Hill County, showing that said Sexton had been convicted of carrying a pistol, on or about June 20, 1912. This evidence was inadmissible for any purpose. Appellant himself testified he got this pistol from Sexton and had it when this robbery was committed, and had fired it, twice.

The evidence in no way shows, or tends to show, that said Sexton was a principal or an accomplice, and the court did not err in refusing to give appellant's charge on that subject, even if the question is raised in such a way as to require this court to consider it.

In the second division of the charge the court attempted to give the general statutory definition of robbery as prescribed by the Penal Code, article 1327, and did so, substantially, except he concluded it with "or when a firearm or other deadly weapon is used, or exhibited in the commission of the offense." The whole of this division of the charge was unnecessary, and especially the latter clause quoted, should not have been given. But this could not in any way have misled the jury, nor injured appellant, for in the first division, the court specifically told the jury that appellant "stands charged by indictment with the offense of robbery with firearms," etc., then in the fourth division, fully and correctly gave the statute as applicable to the offense charged. In addition, when he submitted the case for a finding he charged:

"5. Now, if you believe from the evidence beyond a reasonable doubt, that the defendant did in the County of Hill and State of Texas, at the time alleged in the indictment, unlawfully make an assault upon Ed Harris, by violence to the said Ed Harris by putting the said Ed Harris in the fear of life or bodily injury, and then and there by using and exhibiting a firearm, to wit, a pistol, did then and there fraudulently take from the person and possession and without the consent of and against the will of the said Ed Harris, $35 in money

of the value of $35 or any other sum of money the same then and there being the corporeal personal property of the said Ed Harris, with the fraudulent intent then and there of him the said Bush Coker, to deprive the said Ed Harris of the value of the same and to appropriate the same to use and benefit of him the said Bush Coker, as alleged in the indictment, then you will find the defendant guilty as charged and assess his punishment at death or by confinement in the penitentiary for any term not less than five years."

By this charge the jury were affirmatively required to find, and by their verdict, did find, every essential of robbery as charged, before they could convict.

Again, the court charged: "The burden of proof is upon the State throughout this case to establish every allegation against the defendant beyond a reasonable doubt, and he is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt," and still gave appellant's special charges:

1. "You are instructed to acquit the defendant unless you believe that he took the money from Ed Harris as alleged by the State, in the indictment."

8. "'Fraudulently,' as that term is here used, means a deliberately planned purpose and intent to gain unlawful possession." Reynolds v. State, 58 Texas Crim. Rep., 273; Railsback v. State, 53 Texas Crim. Rep., 542; Keeton v. State, 59 Texas Crim. Rep., 316; Jones v. State, 63 Texas Crim. Rep., 394; Milling v. State, 67 Texas Crim. Rep., 551, 150 S. W. Rep., 434; C. C. P., art. 743; Matthews v. State, from San Augustine County, recently decided.

All of the evidence, including that of appellant himself, clearly, and without consideration, shows that appellant and others gambled with Harris, the party robbed, continuously for an hour, and that when appellant got into the games he had only $9, or at most $9.75. That he bet and lost different amounts of this to Harris from time to time during the time of gambling, and that in this way Harris won from him, and got and held the possession as his own, the whole amount of appellant's loss.

It is the settled law of this State, "That where two persons engage in a game of cards, betting money thereon, and one of the parties wins the other's, and the party losing delivers the money so lost voluntarily to the winner, and the money so passes into the actual possession of the winner, then, within the meaning of the law, the winner is the owner of the money so passing into his possession." (Carroll v. State, 42 Texas Crim. Rep., 31.) "In such case, in a civil suit, the law would leave the parties *in statu quo,* and certainly in a criminal charge it would not recognize a retaking of the property, which involved all the elements of a premeditated robbery." (Blain v. State, 34 Texas Crim. Rep., 448.)   See also Fannin v. State, 51 Texas Crim. Rep., 41; Webb v. State, 60 S. W. Rep., 961; Lockland v. State, 45 Texas Crim. Rep., 87.

It was also correctly held by this court in Jones v. State, 63 Texas Crim. Rep., 394.

"Prior to the enactment of article 743, Code of Criminal Procedure, in construing that article, as it had theretofore been, in connection with article 735, this court had reversed cases where mere technical errors of commission or omission, had been in the charge of the court. The Legislature, in amending article 743 as it was amended by the Act of March 12, 1897, expressly enacted that the judgment shall not be reversed, unless the error appearing from the record was calculated to prejudice the rights of the defendant; whereas, before then, said article, as it stood, seemed, and was construed, to require a reversal whether such error was calculated to injure or not. Even before this article was amended, the Supreme Court in Wright v. State, 41 Texas, 246, held that a judgment of conviction would not be reversed for improper instructions given in favor of the defendant, and cases prior to Green v. State, 32 Texas Crim. Rep., 298, which held that where erroneous charges were given, if excepted to, even though such injury inured to the benefit of the accused, required a reversal, were expressly overruled by this court. In Briscoe v. State, 37 Texas Crim. Rep., 464, on a trial for murder where the evidence established murder in the first degree, it was held that defendant could not be heard to complain that the court gave him a charge upon murder in the second degree. Also in Gonzales v. State, 35 Texas Crim. Rep., 33, this court held that a defendant who had been convicted of manslaughter could not claim any possible injury from a charge. on mutual combat, even when such charge was not required by the evidence and that a charge upon imperfect self-defense, though not called for by the evidence, could do no possible harm to appellant where there was no self-defense in the case. It has also been held in many cases by this court that even though a specific portion of the charge of the court may be erroneous, when it is more favorable to the accused than he was entitled to upon the particular questions, he had no ground to complain. Wilkins v. State, 35 Texas Crim. Rep., 525; Scruggs v. State, 35 Texas Crim. Rep., 622; Delgado v. State, 34 Texas Crim. Rep., 157; English v. State, 34 Texas Crim. Rep., 190; Daud v. State, 34 Texas Crim. Rep., 460; Loggins v. State, 32 Texas Crim. Rep., 364; Lujano v. State, 32 Texas Crim. Rep., 414; Boren v. State, 32 Texas Crim. Rep., 637; Green' v. State, 32 Texas Crim. Rep., 298; Kelley v. State, 31 Texas Crim. Rep., 216; Sutton v. State, 31 Texas Crim. Rep., 297; Massey v. State, 31 Texas Crim. Rep., 371; Wolfforth v. State, 31 Texas Crim. Rep., 387; Gonzales v. State, 31 Texas Crim. Rep., 508; Weathersby v. State, 29 Texas Crim. App., 278; Surrell v. State, 29 Texas Crim. App., 321; Hawthorne v. State, 28 Texas Crim. App., 212; Walker v. State, 28 Texas Crim. App., 503; McCleveland v. State, 24 Texas Crim. App., 202; Carlisle v. State, 37 Texas Crim. Rep., 108."

Therefore, under the facts and law of this case, the court should not

have charged as he did in the latter part of division 6 of his charge: "And if the defendant took same (the money) under an honest claim of right, believing it was his property, then you will find the defendant not guilty. And if you have a reasonable doubt whether such are the facts in the case you will find the defendant not guilty." Nor should the court have given the latter part of appellant's charge No. 3 on the same subject. And even if there was some conflict on this point between the special charge asked by the State, given by the court, which correctly charged the law of the case, and that improperly given as last above stated, no injury occurred to appellant thereby, as established by the authorities last above cited. All this was to his advantage, and not against him. The jury assessed the lowest penalty.

Nothing else requires any discussion. The evidence clearly established a strong case against appellant. Even his own testimony establishes his guilt.

The judgment will be affirmed.

*Affirmed.*

[Rehearing denied November 5, 1913.—Reporter.]