Juan OLVERA, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 28790.

United States Court of Appeals,
Fifth Circuit.

July 2, 1970.

Owen D. Cox, Boone, Davis, Cox & Hale, Corpus Christi, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Robert C. Flowers, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge.

Juan Olvera, a Texas prisoner, appeals from the district court's denial of his application for a writ of habeas corpus. He contends that his confinement is a result of an unlawful sentence because constitutionally defective prior convictions were introduced into evidence during the "penalty" stage of his bifurcated state trial.[1] The district court denied relief without a hearing. We remand.

On 18 January 1967, a jury convicted appellant on his plea of not guilty to a charge of murder with malice. He then exercised the option, available under Texas law, to have the same jury determine his sentence. At this proceeding the prosecution introduced into evidence ten prior convictions for aggravated assault,[2] a misdemeanor. The jury fixed

1. Texas provides a two-step criminal trial which allows the determination of guilt or innocence apart from the sentence determination.

2. All of these convictions were had in County Court at Law No. 1, Nueces County, Texas, on appellant's plea of guilty.

appellant's sentence at life imprisonment. Appellant did not appeal his conviction, but he did seek a state writ of habeas corpus which was denied by the court in which he was convicted but no reasons for denial were assigned.[3] A subsequent application to the Texas Court of Criminal Appeals was denied without a written order. The present record does not disclose the arguments advanced by appellant in support of his collateral efforts in the Texas courts.

The sole question presented to the district court was whether the use of the misdemeanor convictions invalidated appellant's murder conviction. It was stipulated that in each of the prior cases appellant (1) was an indigent, (2) was not represented by counsel, (3) was not informed of his right to have counsel appointed, and (4) did not waive the assistance of counsel. It was also stipulated that appellant's counsel made timely objections to the admission of the prior convictions in evidence.

■ The district court initially concluded that "some of these convictions were constitutionally void since petitioner was denied counsel." [4] It is properly observed that this court has recognized the right to appointed counsel in misdemeanor cases where the defendant faces a substantial sentence,[5] and that this sixth amendment right is to be applied retroactively.[6] However, adopting the proper perspective for judging the severity of the charge—the maximum penalty which the defendant *may* receive [7]—it is apparent that *all* of appellant's misdemeanor convictions are constitutionally void. In each case the appellant faced a maximum, potential penalty of a $1,000 fine and two years imprisonment.[8]

Cause No. 18883, 22 August 1957: aggravated assault; sentence—$25.00 fine.

Cause No. 19242, 5 February 1958: aggravated assault; sentence—$25.00 fine.

Cause No. 19785, 30 June 1958: aggravated assault; sentence—30 days.

Cause No. 20565, 28 January 1959: aggravated assault; sentence—6 months.

Cause No. 20571, 28 January 1959: aggravated assault; sentence—6 months (concurrent with 20565).

Cause No. 20985, 19 October 1959: aggravated assault; sentence—1 year.

Cause No. 21267, 19 October 1959: aggravated assault; sentence—1 year (concurrent with 20985).

Cause No. 21373, 19 October 1959: aggravated assault; sentence—1 year (concurrent with 20985).

Cause No. 22216, 20 September 1960: aggravated assault upon a peace officer; sentence—4 months.

Cause No. 24084, 23 March 1962: aggravated assault upon female; sentence—60 days.

3. The court's order is as follows:

On this the 22nd day of November, 1968, the above entitled and numbered cause was presented to the Court having been filed by the Petitioner, Juan Olvera, and the Court after having examined the Writ is of the opinion that the said Juan Olvera is legally held in custody by the superintendent of the Texas Department of Corrections.

It is therefore ORDERED AND ADJUDGED that the application for Writ of Habeas Corpus herein be denied, and that the said Juan Olvera remain in the custody of the superintendent of the Texas Department of Corrections.

4. Later in its memorandum opinion and order the district court held: "Clearly, some of the convictions used at petitioner's 'penalty' hearing were constitutionally void."

5. Matthews v. Florida, 422 F.2d 1046 (5th Cir. 1970); Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969); James v. Headley, 410 F.2d 325 (5th Cir. 1968); Goslin v. Thomas, 400 F.2d 594 (5th Cir. 1968); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965).

6. Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 81, 11 L.Ed.2d 41 (1963); Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966).

7. Matthews v. Florida, 422 F.2d 1046, 1048 (5th Cir. 1970); James v. Headley, 410 F.2d 325, 329 (5th Cir. 1969).

8. Art. 1148, Vernon's Penal Code of Texas.

In Burgett v. Texas,[9] the Supreme Court invalidated a conviction, secured under an indictment charging the defendant with assault with intent to murder and as a repeat offender under the Texas enhancement statute, where one of the prior convictions alleged and proven for enhancement, was constitutionally void. The Court stated:

> To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. Worse yet, since the defect was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.[10]

In the present case, the district court found that the evidence of prior convictions which were constitutionally defective was not used to enhance punishment and that the two-step procedure followed in Texas prevented the evidence from tainting the "guilt" determination. Consequently, it concluded that Burgett was inapplicable. While we agree with the district court's factual conclusions, we are not convinced that the Burgett opinion can be read this narrowly. Though the prior convictions were not alleged and proven for enhancement within the literal meaning of Burgett, grave questions arise as to whether the use of the records of these numerous and serious misdemeanors worked to appellant's substantial prejudice in the "penalty" portion of his trial [11]—whether he suffered anew the unconstitutional deprivation of counsel in his misdemeanor convictions.

■ The district court also analogized the use of these prior convictions as evidence to the use by a sentencing judge of similar records reflected in a presentence report, in a situation where the judge imposes the sentence. We do not feel that this analogy is appropriate or that it sufficiently answers the question presented. The Texas statute [12] governing the two-step jury trial allows the introduction of evidence of prior criminal record or general reputation and character during the "penalty" stage, but provides in part:

> [T]he order of procedure and the rules governing the conduct of the trial [on the question of sentence] shall be the same as applicable on the issue of guilt or innocence.[13]

It is clear that Burgett would condemn the use of evidence of such prior convictions during the "guilt" portion of appellant's trial.

■ There are, however, additional considerations which indicate that immediate resolution of this case by this court is inappropriate. Appellant was convicted prior to the Supreme Court's decision in Burgett. As we have noted, it cannot be determined from the present record whether appellant's contentions regarding that case have ever been presented to a Texas court. At oral argument in this cause, the State of Texas asserted that its courts have not passed upon the statute here involved and considered the effect of Burgett on the "penalty" stage of its two-step criminal proceedings. In this uncertain situation, a proper regard for comity and federalism lead us to conclude that Texas should first be given a clear opportunity to interpret its own law and Burgett's application to it.[14] We do not mean to imply that we respect the sixth amendment less or the role of the State

---

9. 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

10. 389 U.S. at 115, 88 S.Ct. at 262 (citation omitted).

11. See note 1 supra.

12. Art. 37.07, Vernon's Ann. Texas Code of Criminal Procedure.

13. Art. 37.07, subd. 2(c), Texas Code of Criminal Procedure.

14. Maxwell v. Bishop, 398 U.S. 262, 90 S.Ct. 1578, 26 L.Ed.2d 221 (1970); Powers v. Hauck, 399 F.2d 322 (5th Cir. 1968); Waters v. Beto, 392 F.2d 74 (5th Cir. 1968); Texas v. Payton, 390 F.2d 261 (5th Cir. 1968).

of Texas in the federal system more; but the present case affords a rare opportunity to vindicate both.[15]

The judgment of the district court is vacated and the case remanded with instructions to dismiss the application without prejudice to appellant to apply within a reasonable time to the Texas courts for appropriate relief.

Vacated and remanded.

---

15. If necessary, after appellant has presented the issue to the Texas courts he may "return to the federal court for its independent judgment." *Powers v. Hauck,* 399 F.2d 322, 323 (5th Cir. 1968).