**Eddie FLETCHER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 29790**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1970.

Eddie Fletcher, pro se, appellant.

Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Robert Darden, Asst. Attys. Gen., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co.    of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Eddie Fletcher, a Texas prisoner, appeals from the district court's denial of his application for a writ of habeas corpus, without an evidentiary hearing. We vacate and remand.

In 1958 appellant was convicted upon trial by jury of murder without malice, while driving an automobile while intoxicated, in violation of Texas Penal Code Art. 802c. The jury also found that he had been convicted of two prior felonies and therefore sentenced him, as a third-time felonious offender, to mandatory life imprisonment, under Texas Penal Code Art. 63.

█ Appellant has now contended that one of his prior felony convictions, a 1940 burglary conviction, which was used to enhance his present sentence is void since he was denied counsel, or at least the effective assistance of counsel at the time he pled guilty to the burglary charge. He has further contended that he is due for release under the maximum imposable sentence for murder without malice as a second felonious offender.

˒ The district court found that appellant had already challenged his 1958 conviction in the District Court of the United States for the Eastern District of Texas, Tyler Division, on three previous occasions by filing petitions for writs of habeas corpus; that he had been afforded two evidentiary hearings on those petitions; and that in those petitions appellant had failed to raise the issue presented herein. The court below therefore held that appellant had abused the writ of habeas corpus under 28 U.S.C. § 2244 by deliberately withholding his newly asserted ground for relief.

Though the record confirms that on May 27, 1963, July 1, 1963, and August 24, 1965 appellant filed petitions for habeas corpus, wherein he failed to allege that he had been denied counsel at the time he entered his guilty plea to the 1940 burglary charge, we do not believe this ground was deliberately withheld. At the time appellant's previous petitions were filed it was not widely known that a constitutionally invalid prior conviction could be attacked in a habeas proceeding. U. S. ex rel. Durocher v. LaVallee, 2nd Cir. 1964, 330 F.2d 303, cert. den. 1964, 377 U.S. 998, 84 ·S.Ct. 1921, 12 L. Ed.2d 1048, was one of the first decisions to enunciate the policy; but it was not until 1967 that the Supreme Court held, in Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, that such convictions could be challenged.

The judgment of the district court is vacated, and the case remanded for consideration on the merits. Olvera v. Beto, 5th Cir. 1970, 429 F.2d 131.

Vacated and remanded.