**Earnest Lee THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45083.

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 26, 1972.

Melvyn Carson Bruder, Dallas (On appeal only), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery; the punishment was assessed by a jury at 99 years.

Appellant initially contends that his request for discovery of the "criminal records in possession of the prosecutor regarding the State's witnesses," should have been granted.

■ There is no showing that the prosecuting attorney had any "criminal records" regarding the State's witnesses in his possession. No error is shown by the refusal of such request. Elliott v. State, Tex.Cr.App., 475 S.W.2d 239; Hardin v. State, Tex.Cr.App., 453 S.W.2d 156.

Next, appellant asserts that "The trial court erred in sustaining the prosecutor's objection to appellant's attempted impeachment of the complaining witness."

■ The complaining witness was asked on cross-examination whether he had been convicted of carrying weapons and using those weapons. Appellant argues that the objection to such questions should not have been sustained because "the use of the prohibited weapon constitutes a felony, and a conviction therefor may be used for impeachment." He argues that Article 38.29, Vernon's Ann.C.C.P., allows impeachment of any witness by proof of final felony convictions,[1] and that since carrying a prohibited weapon may be a felony under certain circumstances, he was entitled to obtain the details from the witness as to whether or not this was a misdemeanor or a felony. The record was not developed to show that such examination would have revealed facts that would have been admissible, therefore, it would be only speculative conjecture to say what may be. No error is shown.

White v. State, Tex.Cr.App., 362 S.W.2d 650.

■ Lastly, appellant contends he "was denied due process and equal protection of the law when the prosecution introduced before the jury a prior conviction wherein appellant was given a suspended sentence, which suspended sentence had not been set aside."

Such conviction was introduced into evidence before the jury at the punishment phase of the trial and no objection was addressed to the introduction thereof. No error is shown. Taylor v. State, Tex.Cr.App., 470 S.W.2d 663; Macias v. State, Tex.Cr.App., 451 S.W.2d 489. See also, Article 37.07, Sec. 3(a), V.A.C.C.P.

There being no reversible error, the judgment is affirmed.

---

[1] Convictions for misdemeanors involving moral turpitude are also admissible for such purpose. Cf. Johnson v. State, Tex.Cr.App., 453 S.W.2d 828. However, the misdemeanor offense of unlawfully carrying arms is not an offense involving moral turpitude.