**Ramon RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45807.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

John F. Dominguez, Mercedes, C. R. Baird, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., and Joseph L. Nanus, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On July 10, 1970, the appellant pled guilty to the offense of child desertion, subsequent offense, and was assessed punishment at five years, probated. The conditions of his probation, among other things, were that he commit no offense against the laws of this State, report to his probation officer monthly, and make child support payments weekly.

On August 30, 1971, a motion to revoke his probation was filed. It alleged that appellant had stolen certain corporeal personal property belonging to one Jerome Lusk; that he had committed an aggravated assault upon Yolanda Perez, a female; that he was in arrears on his child support payments; and that he had failed to report to his probation officer as required.

On November 22, 1971, a hearing was held. The allegations set out in the State's motion to revoke probation were found to be true and revocation was so ordered.

Appellant alleges that the conviction obtained in 1965 and upon which the child desertion, subsequent offense, conviction of July 10, 1970 was based is invalid because he was without counsel in those proceedings and was not informed of his right to counsel.

At the revocation hearing appellant testified that at the time of his conviction in 1965 he did not have counsel nor did he have the money to retain counsel. Further, he stated that at no time was he advised of his right to counsel and that he pled guilty in Cause No. CR–5037 in Hidalgo County, Texas, on March 16, 1965, in order to get out of jail. The record does not reflect any controverting evidence by the State. "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In Ex parte Taylor, 484 S.W.2d 748 (1972), this Court considered this very question and held that absent an intentional knowing waiver such defect was not cured. This Court wrote that: ". . . Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), teaches that waiver of a constitutional right 'is ordinarily an intentional relinquishment or abandonment of a *known right*. . . .' (Emphasis supplied)."

It is uncontroverted that at the trial for the misdemeanor offense the appellant was not advised of his right to counsel and thus cannot be held to have waived his known right unless the State can shown otherwise.

 Ordinarily, collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel. To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing. See Smith v. State, 486 S.W.2d 374 (1972).

 Where a denial of right to counsel has been shown it is not limited to prospective application. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

Therefore, the ruling of Argersinger v. Hamlin, supra, will be applied retroactively. Under the holdings of the Supreme Court of the United States in Argersinger v. Hamlin, supra; Burgett v. Texas, supra, and Johnson v. Zerbst, supra, the judgment must be reversed and the cause remanded. See Walker v. State, 486 S.W.2d 330, this day decided.

It is so ordered.