**Claude WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45194.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Weldon G. Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Charles Crow, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of driving while intoxicated, subsequent offense. A jury found the appellant guilty and the court assessed the penalty at two years.

Appellant contends that the trial court erred in allowing the use of a prior misdemeanor conviction as an element of the offense in that said judgment and sentence were void because appellant was not represented by counsel, was indigent, and did not waive right to counsel in that proceeding.

The Supreme Court of the United States held: "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was rep-

resented by counsel at his trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Copies of the judgment and sentence of the prior misdemeanor conviction used for enhancement were introduced at the guilt —innocence stage of the trial over appellant's objection. These records reflect that appellant was confined for three days in Smith County jail but they do not show that he was represented by counsel. The appellant was not allowed to testify in the presence of the jury concerning this prior conviction. He testified out of the presence of the jury that he was convicted on a plea of guilty in Cause No. 13,615 in Smith County, Texas, on August 29, 1958, that he was not advised of his right to counsel, that he was indigent, and that he could not afford an attorney and had he had the money he would have retained counsel. He also testified that he had to borrow money to pay the fine. There is no controverting evidence by the State.

The Supreme Court of the United States wrote:

"To permit a conviction obtained in violation of Gideon v. Wainwright [, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799,] to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967).

The evidence in this case does not comply with the holding of Argersinger v. Hamlin, supra, in that it does not show that appellant made a knowing and intelligent waiver of counsel. See also United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Craig v. Beto, 458 F.2d 1131 (5th Cir. 1972).

Since the prior misdemeanor conviction alleged as an element of the present felony offense was used at the guilt stage of the trial and for increased punishment, the conviction cannot be sent back for sentencing only but must be reversed and the cause remanded. See Ramirez v. State, Tex.Cr.App., 486 S.W.2d 373, this day decided.

It is so ordered.