**Ex parte Juan OLVERA.**

**No. 46204.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

J. Bonner Dorsey, Corpus Christi, for petitioner.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction writ of habeas corpus brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., by the petitioner, an inmate of the Texas Department of Corrections.

The habeas corpus petition alleges that petitioner was convicted on January 18, 1967 of murder where the punishment was assessed at life in the 105th District Court of Nueces County. No appeal was taken from the conviction. The petition further alleges that at his bifurcated trial conducted under the provisions of Article 37.07, Vernon's Ann.C.C.P., the State, at the penalty stage of the trial, introduced as part of his "prior criminal record" ten prior invalid convictions for the misdemeanor offense of aggravated assault, which convictions had been obtained at a time when petitioner was indigent, without counsel, and had not waived the same.

The convicting court, after an evidentiary hearing, denied relief, and filed findings of fact and conclusions of law. The record was then transmitted to this court. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

Here, a history of the course of petitioner's efforts to obtain post-conviction re-

lease from his conviction becomes important. In 1968 petitioner did seek a writ of habeas corpus in the convicting court which was denied without assignment of reasons therefor. A subsequent petition to this court was denied without written order. Petitioner then sought habeas corpus relief in the United States District Court for the Southern District of Texas wherein the sole question presented to the court was whether the use of the aforesaid misdemeanor convictions invalidated the petitioner's state murder conviction. In such proceedings, it was stipulated by the State and the petitioner that in each of the prior misdemeanor convictions petitioner (1) was an indigent, (2) was not represented by counsel, (3) was not informed of his right to have counsel appointed, and (4) did not waive the assistance of counsel.

It was also stipulated that timely objections were made to the admission of the prior misdemeanor convictions in evidence.

The federal district court concluded that "some of these convictions were constitutionally void since petitioner was denied counsel," recognizing the right to appointed counsel in misdemeanor cases where an accused faces a substantial punishment as well as the fact that this right is to be applied retroactively. The federal district court found, however, that the evidence of the prior convictions which were constitutionally defective was not used to enhance punishment and did not taint the "guilt" determination and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), was inapplicable.

The Fifth Circuit Court of Appeals in Olvera v. Beto, 429 F.2d 131 (1970), found that

". . . adopting the proper perspective for judging the severity of the charge—the maximum penalty which the defendant *may* receive—it is apparent that *all* of appellant's misdemeanor convictions are constitutionally void. In

each case the appellant faced a maximum, potential penalty of a $1,000 fine and two years imprisonment." (Emphasis supplied.)

See Article 1148, Vernon's Ann.P.C.

The court also concluded that *Burgett* would have condemned the use of the prior void convictions during the "guilt" stage of the petitioner's trial. The court then concluded that since *Burgett* had been decided after the petitioner's trial, and since it could not be determined whether petitioner's contentions that *Burgett* was to be applied retroactively to the penalty stage of the trial had ever been presented to state courts, the judgment of the federal district court was vacated, and the cause remanded for dismissal without prejudice to give the petitioner time to apply to Texas courts for appropriate relief.

Thereafter, petitioner again filed his habeas corpus petition with the state court of conviction. An evidentiary hearing was conducted before the Judge of the 148th District Court, sitting as Judge of the 105th District Court. At such hearing, the State repudiated the stipulation entered into in federal court on behalf of the State. The trial judge refused to consider the stipulation binding on the State and the evidentiary hearing continued. All of the evidence related to the question of petitioner's indigency at the time of petitioner's prior convictions ranging from 1957 to 1962.

At the conclusion of the evidentiary hearing, the trial judge found that ten prior misdemeanor convictions had been introduced at the penalty stage of petitioner's trial, and concluded that one such conviction was admissible because the petitioner had counsel at the time and that in four other misdemeanor convictions petitioner was without counsel, was indigent and did not waive counsel, but the convictions were not "serious offenses" since the punishment actually assessed in each case did not

exceed six months. He further concluded it was error to have introduced the remaining five convictions at which petitioner was indigent, was without counsel, and did not waive the same, but found the admission of such convictions was harmless error since the first five convictions were "legally" admitted into evidence.

We are of the opinion that the trial judge was in error. The basis for his holding admissible four of the convictions had earlier been rejected in Olvera v. Beto, supra, and has now been rejected by the Supreme Court.

In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court held that the right of an indigent defendant in a criminal case which is guaranteed by the Sixth Amendment and made applicable to the states by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 779 (1963), is not governed by the classification of the offense or by whether a jury trial was required. The Court wrote:

"We hold, therefore, that absent a knowing and intelligent waiver, no person *may be imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (Emphasis added.)

The Court made clear that the label a state places on a particular crime has no significance.

The decision in *Gideon* has been consistently applied fully retroactively. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963); Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971).

Since *Argersinger* merely extended the principle of *Gideon*, there can be no other logical conclusion except that it, too, must be applied retroactively. This court so held in Ramirez v. State, 486 S.W.2d 373 (1972). See also Curry v. State, 488 S.W. 2d 100 (1972, footnote #2).

■ There can be no question that where an accused is indigent, without counsel, and does not waive the same, his conviction is void and it cannot be used for enhancement of punishment for another offense. Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 (1966); Ex parte Auten, 458 S.W.2d 466 (Tex.Cr.App. 1970), and cases there cited.

And, in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Court wrote:

" . . . To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

In Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), the United States Supreme Court only recently held that the use of prior convictions (void in light of *Gideon*) for impeachment purposes deprives a criminal defendant of due process of law where their use might well have influenced the outcome of the case.

And, in Tucker v. United States, 389 U.S. 888, 88 S.Ct. 128, 9 L.Ed.2d 189 (1967), the Court remanded the case to the district court for resentencing where *Gideon*-invalidated convictions had played a part in the length of the punishment assessed.

It is noted that the *Burgett* decision was applied retroactively in both *Loper* and *Tucker* and has been consistently applied

retroactively by this court. See Ex parte Auten, supra. There can be no question of its application to the instant case.

■ It is true that in the instant case the nine prior void misdemeanor convictions were not alleged for enhancement under the repetition of offenses statutes (Articles 61–64, Vernon's Ann.P.C.), nor could they have so been alleged legally since the primary offense was murder. However, they were introduced as part of the appellant's "prior criminal record" under the provisions of Article 37.07, Vernon's Ann. C.C.P., and were available to the jury for consideration in the assessment of the life sentence.

A review of the guilt stage of the trial in question shows only one witness testified that the petitioner had fired a gun at the time of the homicide and he admitted his testimony varied from that given at an earlier trial and from prior statements concerning the homicide.

■ We cannot say that the introduction of the nine void misdemeanor convictions at the penalty stage was harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969).

■ Although the error is as to penalty alone, the petitioner is entitled to an entirely new trial. Ellison v. State, 432 S. W.2d 955 (Tex.Cr.App.1968); Grider v. State, 468 S.W.2d 393 (Tex.Cr.App.1971); Ocker v. State, 477 S.W.2d 288 (Tex.Cr. App.1972).

The relief prayed for is granted. The petitioner is ordered released to the Sheriff of Nueces County to answer the indictment in Cause No. 12486 in the 105th District Court.

It is so ordered.