**Ex parte Leon WEBSTER.**

**No. 47180.**

Court of Criminal Appeals of Texas.

July 17, 1973.

James E. Maggard, Jr., Rosharon, for petitioner.

Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a post-conviction writ of habeas corpus brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. by the petitioner, an inmate of the Texas Department of Corrections.

The petitioner was convicted for the offense of felony theft and under the provisions of Article 63, Vernon's Ann.P.C., the punishment was enhanced by two prior non-capital convictions. The punishment assessed by the Court was life imprisonment. See Webster v. State, 455 S.W.2d 264 (Tex.Cr.App.1970).

One of the prior convictions used for the purpose of enhancement of punishment was a conviction for the felony offense of driving a motor vehicle on a public highway while intoxicated. On the habeas corpus hearing, the trial court found that the misdemeanor conviction for driving while intoxicated, alleged and utilized in obtaining the felony driving while intoxicated conviction, was obtained while the petitioner was not represented by counsel, was indigent, and had not made a knowing and intelligent waiver of his constitutional right to counsel. The trial court's findings are supported by the record. Because of the deprivation of the constitutional right to counsel, the misdemeanor conviction is void. See Walker v. State, 486 S.W.2d 330 (Tex.Cr.App.1972) and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed.2d 530 (1972). The right to counsel in a misdemeanor case has been held to be retroactive. Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972).

Since proof of the misdemeanor conviction was a necessary element of the felony driving while intoxicated conviction, the felony conviction is also void. See Walker v. State, supra. The petitioner's conviction under the provisions of Article 63, V.A.P.C., cannot be permitted to stand because of the use of the prior felony conviction which was void.

 The other prior conviction, alleged for the purpose of enhancement of punishment, was a conviction for felony theft. This conviction being for an offense of like nature to the primary offense, the appellant's conviction may be upheld under the provisions of Article 62, V.A.P.C. The punishment provided by law is ten years imprisonment.

When the petitioner has served sufficient time to satisfy a sentence of ten years, he is entitled to be released in this cause. It is so ordered.[1]

Opinion approved by the Court.

---

1. A copy of this opinion is to be furnished to the Texas Department of Corrections.