**Ex parte Jack Carroll McNEAL.**

**No. 47900.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Jim H. Randals, Huntsville, for petitioner.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. The conviction was for the subsequent offense of operating a motor vehicle upon a public highway while intoxicated.[1]

Appellant, in his application for habeas corpus, alleges that the prior misdemeanor conviction used as an element of the offense is void because at the time of the trial he was indigent, did not have counsel and was not advised of his right to counsel.

The record contains findings of fact and conclusions of law, entered by the Honora-

1. The record reflects that conviction was had on December 22, 1970, at which time the imposition of sentence was suspended and appellant was placed on probation. On March 16, 1972, appellant's probation was revoked.

ble Rex Sullivan, Jr., Judge of the 46th District Court of Wilbarger County, reciting that appellant did not have counsel when he was convicted of the misdemeanor offense used as an element of the offense in question; and that no evidence was presented to controvert appellant's sworn statements that he was indigent and was not advised of his right to counsel.

In view of the uncontroverted testimony and pleadings upon which the trial court's findings are based, we find that the relief sought under the application for habeas corpus should be granted and appellant should be released from confinement under the felony conviction for driving while intoxicated upon a public highway in Cause No. 6844 in the District Court of Wilbarger County. Ramirez v. State, Tex.Cr. App., 486 S.W.2d 373; Walker v. State, Tex.Cr.App., 486 S.W.2d 330.

It is so ordered.

Opinion Approved by the Court.