**Henry ALDRIGHETTI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47735.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 24, 1974.

J. Douglas Tinker and Donald B. Dailey, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was charged with the offense of assault with intent to murder, but was convicted of the lesser included offense of aggravated assault; the punishment assessed, confinement in the county jail for eighteen months.

The appellant's first ground of error is that:

"The trial court erred in permitting the defendant to be interrogated about his prior void convictions for impeachment purposes."

At the guilt-innocence phase of the trial after the appellant had testified in his own defense and prior to his cross-examination the State requested and was granted a recess. Out of the presence of the jury the State's counsel discussed with the Court and defense counsel his desire to interrogate the appellant concerning prior convictions to discredit and impeach him. The discussion concerned a prior conviction for the possession of marihuana, a felony, and carrying a pistol, a misdemeanor. It was not established whether the felony conviction for which a probated sentence had been granted was admissible. The appellant was not interrogated about this conviction. The discussion concerning the conviction for carrying a pistol terminated in the Court telling the State's attorney before he interrogated the appellant concerning such conviction he should go to the Clerk's office and ascertain whether the appellant had been convicted for carrying a pistol.

When the trial resumed the State's counsel cross-examined the appellant about the facts of the instant case and then asked:

"Q. Isn't it true you have a prior conviction for carrying a gun?

"A. Yes, sir.

"Q. So carrying a gun—

"MR. GARZA [DEFENSE COUNSEL]: Your Honor, I don't think he can argue about it from there.

"THE COURT: This is the gun in question?

"MR. HENRICHS [STATE'S COUNSEL]: Yes, sir, we are talking now about the gun in question."

The appellant, now represented by newly retained counsel, alleged in his motion for new trial and at the hearing on the motion testified that the pistol-carrying conviction was obtained when he was uncounseled, indigent, had no knowledge of his right to counsel and had not waived counsel. The docket sheet and judgment of conviction for carrying a pistol, introduced at the hearing, are silent as to whether the appellant was represented by counsel. The judgment shows that the punishment assessed was a fine of $100. The punishment did not include imprisonment.

It is argued that this conviction is void and that Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) and Ex parte Olvera, 489 S.W.2d 586 (Tex.Cr. App.1973) require a reversal of this judgment. In Ex parte Olvera, supra, a conviction was set aside where prior convictions void because obtained in violation of the United States Constitution's Sixth Amendment right to counsel were admitted in evidence at the punishment stage of the trial under the provisions of Article 37.07, Section 3(a), Vernon's Ann.C.C.P. to show the defendant's prior criminal record. The Supreme Court of the United States in Loper v. Beto, supra, held that a conviction void because obtained in violation of the United States Constitution's Sixth Amendment right to counsel, if used to discredit and impeach a defendant when he testified in subsequent prosecutions, would invali-

date the conviction where their use might well have influenced the outcome of the case.

In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court of the United States held:

"... that absent a knowing and intelligent waiver no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

and further stated:

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts."

Although the conviction in question was obtained on July 23, 1963, before the Supreme Court had decided Argersinger v. Hamlin, supra, the holding of that case has been applied retroactively. See Walker v. State, 486 S.W.2d 330 (Tex.Cr.App.1972); Ramirez v. State, 486 S.W.2d 373 (Tex. Cr.App.1972); Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972); Ex parte Olvera, supra; Ex parte Webster, 497 S.W.2d 305 (Tex.Cr.App.1973).

Even though Article 483, Vernon's Ann. P.C., proscribing the carrying of a pistol, the statute under which the 1963 conviction was had, provides a penalty including imprisonment, no such penalty was actually imposed.

■ We hold that prior final convictions which are otherwise admissible may be used for the purpose of impeachment or enhancement of punishment even though obtained while the defendant was not represented by counsel and had not waived counsel, so long as the punishment assessed in the prior convictions did not include imprisonment.[1]

This rule is within the requirements of Argersinger v. Hamlin, supra, and is not inconsistent with the prior decisions of this Court. In Walker v. State, supra, and Ex parte Webster, supra, the prior convictions which were held to be void were for the misdemeanor offense of driving an automobile on a public highway while intoxicated. The minimum punishment for that offense includes mandatory imprisonment.[2] In Ramirez v. State, supra, the prior conviction held void was for the misdemeanor offense of child desertion. The only punishment provided for that offense was mandatory imprisonment.[3] In Ex parte Olvera, supra, the record shows that in eight of the ten prior convictions admitted at the penalty stage of the trial under the provisions of Article 37.07, V.A.C.C.P., a punishment including imprisonment had been assessed.

■ Moreover, in this case the record shows there was no objection made when the appellant was interrogated concerning the "prior conviction for carrying a gun," that it was obtained while the appellant was indigent, unrepresented by counsel and counsel had not been waived.[4] The appellant and his retained trial counsel had full knowledge that the State intended to question the appellant about his prior pistol-carrying conviction and had an opportunity to object prior to or at the time the ques-

---

1. The decision of the United States Court of Appeals in Olvera v. Beto, 429 F.2d 131 (5th Cir. 1970) which seems to hold that counsel must be appointed where the punishment *may* include imprisonment was delivered before the Supreme Court's opinion in Argersinger v. Hamlin, supra.

2. Article 802, V.A.P.C.

3. Article 602, V.A.P.C. as amended, 1959.

4. If an objection had been made that the conviction for carrying a pistol was not admissible for the purpose of impeachment because it did not involve moral turpitude it should have been sustained.

tion was put to the appellant. The appellant's failure to object on the grounds he now urges constitutes a waiver of the claimed right. See Boss v. State, 489 S.W.2d 580 (Tex.Cr.App.1972); Jenkins v. State, 488 S.W.2d 130 (Tex.Cr.App.1972); Vera v. State, 473 S.W.2d 22 (Tex.Cr.App.1971).

■ The appellant's second ground of error is that:

"The trial court erred in allowing a noncharacter witness to be interrogated about her knowledge of the defendant's prior convictions."

The appellant had elected to have the Court assess punishment. During the punishment phase of the trial the appellant's wife testified and on direct examination said that the appellant was a good husband and supported their children, and that she was aware of his prior convictions. On cross-examination she was asked and admitted without any objection being made that she had heard the appellant was convicted for the possession of marihuana in 1959, for a "violation of the weapon's ordinance in 1963," and for selling dangerous drugs in 1963.

Although the wife may not have been asked the usual questions directed to a character witness such testimony as her testimony concerning the appellant's good behavior as a husband has been held to be sufficient to make it permissible to ask the "have you heard" type of questions to test her knowledge of his reputation. See Childs v. State, 491 S.W.2d 907 (Tex.Cr.App.1973); Salazar v. State, 494 S.W.2d 548 (Tex.Cr.App.1973); and Navajar v. State, 496 S.W.2d 61 (Tex.Cr.App.1973).

Furthermore, at the punishment phase of the trial under the provisions of Article 37.07, Section 3(a), V.A.C.C.P. the State could offer evidence of the prior criminal record of the appellant. The prior criminal record means a final conviction in a Court of record or a probated sentence that has occurred prior to the trial or any final conviction material to the offense charged. Although the method of interrogating the appellant's wife may not have been a proper way in which to prove a record of the prior convictions, no objection was made; therefore, nothing is presented for review.

The appellant's last contention that the trial court erred in commenting on the appellant and his counsel in the presence of the jury is overruled, since the record does not show that the complained of comment was made in the presence of the jury and does not reflect that any objection was made. See Cedillo v. State, 484 S.W.2d 920 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (concurring in part and dissenting in part).

Appellant's initial contention is that the court erred in permitting him to be impeached by a prior void misdemeanor conviction for unlawfully carrying a pistol.

After his direct examination, the State, in absence of the jury, informed the court that it wanted "to test this man's credibility by the question as to moral turpitude." There was then some discussion of a prior marihuana conviction where appellant had been granted probation and a conviction for unlawfully carrying a concealed weapon. The court warned the prosecutor to act in good faith and to check the court records as to the latter conviction.

Subsequently, on cross-examination the prosecutor inquired where the appellant got the gun used in the alleged offense, how often he carried it, etc., and then inquired:

"Q Isn't it true you have a prior conviction for carrying a gun?

"A Yes, sir.

"Q So carrying a gun—

"MR. GARZA (Defense Counsel): Your Honor, I don't think he can argue about it from there.

"THE COURT: This is the gun in question?

"MR. HENRICHS (Prosecutor): Yes, sir, we are talking now about the gun in question.

"Q When you first saw Ignacio . . . did you not say you had a gun at that time?

"A I sure did. . . ."

If appellant's objection had been that the prior conviction was not a final felony conviction nor a final misdemeanor conviction involving moral turpitude, it would have been a good objection since only those convictions may be used to impeach a witness, Bustillos v. State, 464 S.W.2d 118 (Tex.Cr.App.1971), and since a conviction for unlawfully carrying a pistol is not a misdemeanor conviction involving moral turpitude. Thomas v. State, 482 S.W.2d 218 (Tex.Cr.App.1972); Coker v. State, 71 Tex.Cr.R. 504, 160 S.W. 366 (Tex.Cr.App. 1913).

However, appellant's objection after the question was already answered was a general one, which in itself is not entirely understandable. It is further observed that he failed to secure a ruling from the court on his objection, made no request for a jury instruction to disregard, etc. Further, the contention now urged on appeal that he was at the time of such conviction indigent, without counsel and did not waive counsel, was never advanced during the trial on the merits. It is clear, without citing numerous authorities, that there are many reasons why nothing is presented for review.

Despite the foregoing, the majority reaches out unnecessarily and establishes a broad, new, dangerous rule not advanced by either party in order to answer appellant's contention, throwing judicial restraint to the winds. In doing so, the ma-

jority relies upon testimony developed at a hearing on a motion for new trial, which motion had already been overruled by operation of law. The motion for new trial was filed January 26, 1973. The hearing was not held until March 16, 1973. While the trial court may extend the time for filing or amending a new trial motion, the court cannot extend the time for passing on such motion (20 days), Article 40.05, Vernon's Ann.C.C.P. Thus, the motion was overruled by operation of law 20 days after it was filed. St. Jules v. State, 438 S.W.2d 568 (Tex.Cr.App.1969).

The testimony relied upon by the majority, which was developed at such hearing, was the fact that the punishment assessed in the prior 1963 misdemeanor conviction was a $100.00 fine, and thus did not involve imprisonment, although the statute (Article 483, Vernon's Ann.P.C.) under which the conviction occurred authorized imprisonment and the full range of possible penalty was available to the judge who assessed the penalty.

Nevertheless, the majority boldly asserts:

"We hold that prior final convictions which are otherwise admissible may be used for the purpose of impeachment or enhancement of punishment even though obtained while the defendant was not represented by counsel and had not waived counsel, so long as the punishment assessed in the prior convictions did not include imprisonment."

And despite the actual wording of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), quoted in the majority opinion, the majority goes on to say that the rule described above was within the requirements of Argersinger. I could not disagree more.

Argersinger held that, absent a knowing and intelligent waiver of counsel, no person may be imprisoned for any offense, whether it is classified as petty, misde-

meanor or a felony, unless he was represented by counsel at his trial.

And most importantly, the Supreme Court added:

"*Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed,* even though local law permits it, unless the accused is represented by counsel. He will have a measure of seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts." (Emphasis supplied).

It is clear from the above quoted language that the validity under *Argersinger* of a counselless conviction of an indigent defendant in a misdemeanor case where a fine only is imposed is dependent upon the above-stated requirements in absence of an affirmative waiver of counsel. How can it be seriously argued that such requirements were generally complied with in all pre-*Argersinger* cases where the range of punishment involved imprisonment and a fine only assessed? See and compare Olvera v. Beto, 429 F.2d 131 (5th Cir. 1970).

*Argersinger* did not address itself to the retroactivity of its holding, and the decision did not involve the use of a prior void conviction which had been used for enhancement of punishment or for impeachment.

It is true that this court has held *Argersinger* to be fully retroactive. Ramirez v. State, 486 S.W.2d 373 (Tex.Cr.App.1972); Curry v. State, 488 S.W.2d 100 (Tex.Cr. App.1972); Ex parte Olvera, 489 S.W.2d 586 (Tex.Cr.App.1973). A reading of these cases and others cited in the majority opinion does not reveal the fact that the imprisonment imposed in those cases was a material factor in determining retroactivity of the *Argersinger* decision.

Under today's new rule, an accused who was convicted of a misdemeanor pre-*Argersinger* without counsel where the trial judge or jury had the full range of possible penalties, including imprisonment, before it for consideration and who decided under the circumstances of the case that a fine only was the appropriate punishment, can have that conviction used against him again for enhancement of punishment in another case or for the purpose of impeachment. On the other hand, under the rule announced today, if a defendant was convicted of a misdemeanor, pre-*Argersinger,* without counsel, and the assessor of punishment determined that the proper punishment was imprisonment, then such conviction cannot be used for enhancement of punishment or for impeachment.

Which type of such prior conviction really has the greatest bearing on the credibility of the accused in a future case when he is a witness in his own behalf? The question answers itself.

The logic of the new rule escapes me, and just why this case was chosen as a vehicle for importing such a rule into our jurisprudence is difficult for me to understand. In the instant case, if a proper objection had been interposed, the prior conviction would have been inadmissible since it did not involve a final misdemeanor conviction involving moral turpitude, and thus was not available for impeachment. Yet the instant case is seized upon to lay down a new rule which, hopefully, would not normally involve the particular type of conviction here involved. And the new rule further reaches out to affect enhancement of punishment, which is not here involved. Color me amazed.

For the reasons stated, I concur in the result reached as to the first ground of error, but dissent to the establishment of the new rule discussed.

ROBERTS, J., joins in this opinion.