IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,799-01






EX PARTE DANIEL RIVERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0317157 IN THE 8TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving
while intoxicated as a habitual felony offender and was sentenced to thirty years' imprisonment. He
did not appeal his conviction.

 In his writ application, Applicant raised two claims of ineffective assistance of trial counsel.
The first claim was remanded to the trial court for further information, and the case has been returned
to this Court. In the remanded claim, Applicant argued the DWI the subject of this habeas application
could not be charged as a felony offense because one of the prior DWI misdemeanor convictions
used for jurisdictional enhancement was void. He states counsel was not waived in that prior DWI
case. See Ex parte Olvera, 489 S.W.2d 586, 589 (Tex. Crim. App. 1973); see also Nix v. State, 65
S.W.3d 664, 668 (Tex. Crim. App. 2001). Had trial counsel investigated and learned this fact,
Applicant indicates that he would not have pleaded guilty to the current DWI because it could not
have been charged as a felony.

 On remand the trial court obtained affidavits from trial counsel and entered findings. Even
so, this Court requires further information that resolves the following issues:

 - Was Applicant indigent during the prior DWI proceedings in cause number 
6526 from the County Court of Kinney, dated January 30, 1987?


 - Did Applicant request the appointment of counsel in the prior Kinney County
DWI proceeding?


 - Did Applicant waive counsel in the prior Kinney County DWI proceeding?


 - Did Applicant enter a guilty plea in the prior Kinney County DWI proceeding 
without the assistance of either appointed or retained counsel?


 - Has Applicant been convicted of any other DWI that could have been used
as a jurisdictional enhancement in place of the Kinney County DWI?


 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to
resolve the above issues, and the trial court shall make any findings of fact and conclusions of law
that it deems relevant and appropriate regarding them. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 


 Applicant also alleges he never received a copy of the affidavits filed by trial counsel
although the ODI entered by the trial court ordered the district clerk to send them to him once filed;
he complains he is unable to adequately raise objections without the affidavits. Copies of the
affidavits should be provided to Applicant.

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 12, 2012

Do not publish