436 F.2d 1305
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Louise Chew EVANS and Gloria Beaudoin, Defendants-Appellants.
No. 29968 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprise
v.
Citizens Casualty Co. of N.Y., 431 F.2d 409 (5th Cir. 1970), Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 6, 1971.
 
 Richard B. Wilkins, Jr., court appointed, Alexandria, La., for defendnats-appellants.
 Donald E. Walter, U.S. Atty., R. Perry Pringle, Paul Lynch, Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jointly tried defendants, convicted by the court sitting without a jury, bring this direct appeal. Our examination of the record in the light of their assignments of error discloses the appeal to be without merit. We affirm the convictions of both defendants.
 
 
 2
 Mary Louise Chew Evans and Gloria Beaudoin were jointly indicted in an eight-count indictment in which the Grand Jury charged the defendant Evans as follows: Count I-- stealing a letter from a house-type mail receptacle in violation of 18 U.S.C.A. 1708 (1970); Count III-- abstracting a United States Treasury check from the stolen letter described in Count I in violation of 18 U.S.C.A. 1708; Count V-- forging the name of Fannie J. Remo, the payee, upon such stolen check in violation of 18 U.S.C.A. 495 (1966); and Count VII-- uttering the said check knowing the same to have been forged in violation of 18 U.S.C.A. 495.
 
 
 3
 In alternate counts II, IV, VI and VIII, the defendant Beaudoin was charged with aiding, abetting and counseling the defendant Evans in the commission of the offenses alleged in each of the alternate counts listed above, in violation of 18 U.S.C.A. 2(a) (1969) and 1708.
 
 
 4
 The memorandum opinion of the trial judge shows that he carefully and correctly discharged his function in this case. As a result of his critical analysis of the evidence, he granted judgments of acquittal to the defendant Evans on Counts I and III, and to the defendant Beaudoin on Counts II and IV, upon finding that the government had failed to meet its burden of proving the elements of these offenses beyond a reasonable doubt. He found each of the defendants guilty on all remaining counts.
 
 
 5
 We consider the four points of error raised by the two defendants seriatim.
 
 
 6
 First, the defendants assert that they were denied the right to a speedy trial. The record shows that defendants were arrested February 16, 1968. The defendant Beaudoin was released upon her own recognizance bond on April 23, 1968; the defendant Evans was released upon her own recognizance bond on April 26, 1968. Arraignments were held November 12, 1968; the trial was held February 10, 1970. At no time did the defendants move for a speedy trial. The only prejudice suggested was the loss of the testimony of the witness Fannie Remo, who died December 6, 1968, less than one month after the date defendants were arraigned. However the record shows that the testimony of this witness might well have been more beneficial to the government than to the defense. In any event, it is immaterial. Defendants waived their right to challenge the legality of the government's delay in bringing them to trial. Harlow v. United States, 301 F.2d 361 (5th Cir. 1962); Bruce v. United States, 351 F.2d 318 (5th Cir. 1965); and United States v. Grimes, 426 F.2d 706 (5th Cir. 1970). Cf. also Yoo Kun Wha v. Sheriff of Fulton County, 436 F.2d 966 (5th Cir. 1970).
 
 
 7
 Second, defendants contend that the Fifth Amendment's bar of double jeopardy is applicable. The basis for invocation of double jeopardy arose in this fact context. The trial commenced, the rule for sequestering witnesses was invoked, the government offered an authenticated copy of Treasury Department records relative to the check in question-- the defendant offered no objection. The government offered a certificate of death of the payee Fannie Remo, again without objection from the defendant. The court then directed the prosecutor to call his first witness, who took the stand and after being duly sworn, stated her name and address. Whereupon counsel for the defendants moved for dismissal for the reason that no opening statement had been made to the court. The court overruled the motion to dismiss, the prosecutor made an opening statement, counsel for defendant waived the making of an opening statement on behalf of the defendants and the initial witness continued her testimony. Now in the brief filed in this court, counsel for defendant does not urge that failure to make an opening statement per se entitles him to a dismissal of the charges; but rather, that the court should have excluded all evidence because the defendants were taken by surprise. No rule of federal criminal procedure requires the making of an opening statement. Although federal authority discusses the purpose of the prosecution's opening statement solely in terms of aiding the jury in its consideration of the case, see e.g., Webb v. United States, 191 F.2d 512 (10th Cir. 1951), some State jurisdictions hold it is required for the further purpose of informing the accused of the contemplated course of the prosecution so as to enable him to better meet the charge against him. See 23A C.J.S. Criminal Law 1085, n. 95.10 at p. 98. However, in view of the silence of the Federal Rules of Criminal Procedure and our insistence that trial judges must be left with wide discretionary powers to promote the ends of justice, see e.g. United States v. Smith, 433 F.2d 1266 (5th Cir. 1970), we have no hesitancy in holding that no reversible error occurred here, where (a) there was no jury and (b) the only trial development that occurred before an opening statement was made consisted of the introduction without objection of two routine documents and the statement by one witness of her name and address.
 
 
 8
 Third, defendants assert that the government failed to prove that the endorsement of the check by the defendant Evans was not authorized by the payee Remo, and that the government also failed to prove how the endorsement came to be made upon the check. Evidence was produced on the part of the defendants that Fannie Remo had in the past authorized the defendants to witness her 'X' mark and cash other small-amount checks for her. In this connection our attention is directed to the case of Parker v. United States, 297 F.2d 135 (5th Cir. 1969), in which a conviction for the interstate transportation of a knowingly forged check was reversed where the proof showed a course of dealing between the alleged forgers and the person whose name had allegedly been forged, under which the party had permitted several checks to be written on his account and signed by others. The reason Parker is inapposite here is because the trial judge had evidence before him which he credited, establishing that Fannie Remo never received the check in question; that the defendants had actual possession of the check and made an affirmative claim of ownership of the check; and that the defendant Evans identified herself as Fannie Remo in order to secure its negotiation. The finding of the trier of fact is supported by credible evidence.
 
 
 9
 Fourth, defendants contend that the trial judge burdened the exercise of their Fifth Amendment right to refrain from testifying by drawing an unfavorable inference from such failure. The context in which this point arose is found in that part of the trial court's memorandum opinion discussing the government's burden of proving whether Fannie Remo had authorized the defendant Evans to mark an 'X' on the back of this particular 1328 dollar check for her. In distinguishing the case of Conley v. United States, 257 F.2d 141 (6th Cir. 1958), where the defendant had testified that he had authority to sign, the opinion of the court here pointed out that the defendant Evans did not take the stand and testify that she had authority from Fannie Remo to negotiate this particular check for her nor did she present any other evidence of such authority. This comment in the course of a written judicial opinion says no more than that there was no evidence adduced in the case at bar to make authority as to this transaction an issue. It is a far cry from action which would constitute an infringement upon the Fifth Amendment rights of these defendants.
 
 
 10
 Our comments on the lack of merit of the points made is not intended to reflect discredit on court-appointed counsel who ably represented these defendants in the trial below and on this appeal. He did not make the facts. He is commended for his efforts in behalf of his clients and for his assistance to this court.
 
 
 11
 The judgment and commitment as to Mary Louise Chew Evans and the judgment and order as to Gloria Beaudoin are hereby
 
 
 12
 Affirmed.