**Helen Adele NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43449.**

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Rehearing Denied April 14, 1971.

W. E. Wright, Charles G. King, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmy R. James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at ten years.

The record reflects that the appellant and her husband Cane Nelson, the deceased, had been having marital troubles and were separated. Appellant, while riding with a friend, saw Cane Nelson and a woman companion driving in Houston. She had her friend follow her husband's automobile and this led them to a motel. Her husband got out of his automobile and went into the motel office. Appellant then got in her husband's automobile with his companion, Josephine Arbuckle.

Josephine Arbuckle then got out of the automobile and left. When Cane Nelson came back, he started to take his wife home. Some two blocks from the motel he picked up Josephine Arbuckle. On the way, the appellant hit him over the head with her purse and threatened to kill him. When they arrived at the house, appellant threw the keys out of the automobile and went into the house. Nelson said that he was going to catch her before she got the gun. He ran to within three feet of the door and she shot him. The appellant then pursued Josephine Arbuckle and fired several shots.

The appellant's testimony was that she got the gun to scare Josephine Arbuckle and that the door or her husband's hand hit her arm and the gun accidentally discharged.

The court instructed the jury to acquit if the gun was accidentally discharged.

No complaint is made from anything that appears in the record. The sole contention is that she gave perjured testimony in her own behalf at the suggestion of her retained counsel and the court should have permitted her to file a second amended motion for new trial and granted a hearing some 14 months after sentence and notice of appeal.

The verdict and judgment were entered on February 19, 1968. A motion for new trial was filed February 21, and an amended motion for new trial was filed and overruled March 29. Sentence was pro-

nounced the same day. On April 11, 1968, a pauper's oath was filed and a record was ordered. On the same day Honorable William G. Wright was appointed to represent her on appeal.

Several extensions were granted for the filing of the transcription of the court reporter's notes. The court reporter's certificate shows that the record was completed on April 7, 1969. Extensions of time for the filing of the appellate brief in the trial court were granted. On June 26, 1970, the brief was filed in the trial court.

A motion for new trial and evidentiary hearing, according to an affidavit of appellant's counsel, was presented to the court in June of 1970. Appellant's affidavit attached to the brief recites that she was guilty and that the killing was no accident. The affidavit is not a part of the record and cannot be considered. Williams v. State, Tex.Cr.App., 441 S.W.2d 853.

There is nothing in the record to show ineffective assistance of counsel as contended by appellant.

Article 40.05, Vernon's Ann.C.C.P., time to apply for new trial; amendment, provides in part:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and shall be determined by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal."

■ The contention of appellant that she gave perjured testimony does not amount to newly discovered evidence. If she perjured herself during the trial, she knew it then.

The trial court did not err in refusing to allow the filing of the amended motion for new trial some fourteen months after sentence had been pronounced and notice of appeal was given. See Morales v. State, Tex.Cr.App., 458 S.W.2d 56, and Bennett v. State, Tex.Cr.App., 450 S.W.2d 652.

■ The appellant now says that she is guilty and that the killing of her husband was no accident. Her contention is that the punishment assessed at ten years for the murder of her husband was too much.

We refuse to order the trial judge to have an evidentiary hearing to determine if the appellant committed perjury in attempting to win her case at the trial. To do so would encourage perjury. One should not be permitted to gain by his own wrongdoing.

The record before us does not contain reversible error. The judgment is affirmed.