**Charles Henry STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44368.**

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Ross Teter, Dallas, (Court appointed), for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for murder with malice where the punishment was assessed by the jury at life imprisonment.

Initially, appellant challenges the sufficiency of the evidence to sustain the conviction.

Bobby Gene Johnson, Dallas taxi driver, testified that he nightly took Mamie Gahagan to her home after she closed the Waiters and Porters Club where she was manager. He related that on December 12, 1966, as they were leaving the club the appellant approached and asked if he could share the cab. Consent was given. As the taxi reached Flora Street in the city of Dallas appellant pulled a pistol and pointed it at Johnson's head and ordered him to stop the car. When he stopped the vehicle Johnson ran and within 60 seconds heard two shots from the cab. He caused the police to be called. A short time later Mamie Gahagan was found shot and holding a purse strap with the body of the purse missing. She was dead on arrival at the hospital.

The autopsy report showed she died of a gunshot wound to the back.

A police detective dusted the cab for fingerprints and "lifted" one which was shown to be identical with a known print of the appellant.

Melvin Thomas Draper testified that he, the appellant and several others discussed and planned to snatch Mamie Gahagan's purse when she left work and the appellant "volunteered." Draper revealed that on the date in question he drove the appellant to within a short distance of the club and that when the appellant left the car he took Draper's pistol with him. Another individual was to provide the getaway car; they were to meet on the freeway and rendezvous with all the other participants at another place. On the freeway he observed that the driver of the getaway car was alone and the driver told him the appellant had gotten into the taxi. At the rendezvous appellant appeared with a purse and $250.00 in cash and a savings association passbook. The appellant stated he "had shot the lady." The next day Draper and a woman named Yodis Mardestin withdrew the savings and split the money with the appellant and three others.

Testifying in his own behalf the appellant admitted he was presently serving two concurrent sentences for robbery. He denied any complicity in the robbery-murder and denied knowing some of the individuals mentioned by Draper.

The court charged that Draper was an accomplice witness as a matter of law and that his testimony had to be corroborated.

■ Viewed in the light most favorable to the jury's verdict, we deem the evidence clearly sufficient to support the conviction.

Appellant also complains he was denied a speedy trial and the court erred in denying his oral motion to set aside the indictment on that ground.

The indictment was returned on June 28, 1967, it appearing from the evidence that approximately six months elapsed before the officers learned of appellant's involvement in the alleged offense. Appellant's first trial commenced on November 27, 1967. And after conviction where the punishment was assessed at life, he was granted a new trial on June 28, 1968. See Article 40.09, Sec. 12, Vernon's Ann.C.C.P.

■ Thereafter other defense counsel was appointed and the case was "passed generally" on several occasions. During 1969 the case was "passed" at the appellant's request on three occasions, the last being December 15, 1969, when the docket sheet reflects "passed generally for Deft."

The instant trial commenced on January 18, 1971, at which time the appellant for the first time moved to set aside the indictment for lack of a speedy trial, no request for such having theretofore been made. Further, no prejudice is suggested. Under the circumstances presented, it would appear that appellant waived his right to challenge the legality of the State's delay in bringing him to trial. Cf. United States v. Evans, 5 Cir. 1971, 436 F.2d 1305.

■ Appellant also complains of his arraignment at the instant trial in the presence of the jury. This court has repeatedly said that better practice dictates that ar-

raignment should be conducted in the jury's absence. However, in the instant case there was no objection to such procedure and the question is raised for the first time in the appellant brief. No error is presented.

Appellant urges a number of other grounds of error, all unbriefed without any reference to any portion of the record to support the claims made. Clearly the requirements of Article 40.09, Sec. 9, V.A.C. C.P., have not been met. Nevertheless the entire record has been studied and we find a number of claims advanced to be totally without support in the record. The other claims are without merit and a discussion of the same being without any benefit to the jurisprudence of the state.

The judgment is affirmed.