**Ernest B. ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46047.**

Court of Criminal Appeals of Texas.

April 18, 1973.

Rehearing Denied May 16, 1973.

Joe E. Griffin, Crockett, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for rape; the punishment 15 years imprisonment.

The complainant, a thirteen year old daughter of the appellant, lived with her mother in Houston. She travelled to Crockett on the bus to meet the appellant who was going to purchase some clothing for her. The clothing was purchased and the appellant and his daughter ate supper in town at the Dairy Queen Drive-In. After it had become dark that evening the appellant took her into the woods in his pickup truck and made threats to leave her there. Telling her that he wanted to teach her about life, while she was crying, and against her will, the appellant had sexual intercourse with her.

The appellant first contends his retained trial counsel did not give him effective representation and he was therefore deprived of the constitutional right to effective assistance of counsel.

■ The appellant argues that trial counsel was ineffective because the record shows that he made only four objections to the admissibility of evidence, failed to object seventeen times to leading questions, and failed on at least two occasions to object to non-responsive answers. After reviewing the record we are unimpressed by this argument.

By brief and in oral argument, the appellant's retained appellate counsel further argues the ineffectiveness of trial counsel is demonstrated by the fact that trial counsel failed to contact or call as a witness a physician who had examined the complaining witness following the alleged rape. In the alternative, his second ground of error urges that the testimony of the physician is newly discovered evidence for which he should have been granted a new trial.

A discussion of that portion of the record on which the appellant relies for this contention is necessary. The verdict was received on June 23, 1970. A motion for new trial was filed on July 2, 1970. The appellant, while represented by his present counsel, was sentenced on September 10, 1970, and notice of appeal was given in open court on that day. The record also reveals a written notice of appeal was filed on September 14, 1970. Without withdrawing the notice of appeal and without the sentence being vacated and set aside, over a year later on September 28, 1971, an unsworn, amended motion for new trial was filed. One paragraph therein, unsupported by a recitation of facts, makes the following conclusory allegation:

"Because Defendant was denied the effective assistance of counsel in con-

trovention of the rights secured to him under the 6th and 14th amendments to the U.S. Constitution and the Constitution of the State of Texas."

On December 9, 1971, after a hearing, the amended motion for new trial was overruled. The only evidence offered at the hearing was the testimony of the appellant concerning his education, familiarity with the law and the employment of counsel. Appended to the transcript of the testimony on this hearing is a certificate of the trial court which states:

"Further, it appearing to the Court that the foregoing statement of facts does not reflect the admission into evidence of the deposition of Dr. Clarence Gilbert Cogburn, taken on June 22, 1971, a copy of which is included herewith, marked Exhibit "A"; and inasmuch as the said deposition was at such hearing duly offered and admitted into evidence by the Court, outside the hearing of the Court Reporter; It is therefore ORDERED, that said deposition be and it is hereby included and made a part of the statement of facts on the hearing on Defendant's Motion for New Trial."

The deposition is attached to the Statement of Facts following this certificate.

 The trial court under the facts should not have heard the Amended Motion for New Trial and therefore there was no abuse of discretion in the overruling of the motion.

The record made on the hearing of the Amended Motion for New Trial filed over a year after the appellant had been sentenced is not properly before us for our consideration. See Article 40.05, Vernon's Ann.C.C.P.; Nelson v. State, 464 S.W.2d 834 (Tex.Cr.App.1971); Morales v. State, 458 S.W.2d 56 (Tex.Cr.App.1970) and Bennett v. State, 450 S.W.2d 652 (Tex.Cr. App.1969).

The grounds of error number one and two are overruled.

 The appellant's third ground of error directs our attention to a docket entry which shows that before the jury was selected and empanelled in this case, a prospective juror was found by the court to be in contempt because he appeared for jury duty in an intoxicated condition. We perceive no harm to the appellant. Cf. Griffin v. State, 486 S.W.2d 948 (Tex.Cr.App. 1972).

 The last ground of error complains of the arraignment of the appellant in the presence of the jury.

Under the circumstances of this case, where objection was not made at the time of trial, no error is shown. See Stewart v. State, 473 S.W.2d 495 (Tex.Cr.App.1971) and cf. Minafee v. State, 482 S.W.2d 273 (Tex.Cr.App.1972) where trial judges were admonished to avoid this practice.

The judgment is affirmed.

Opinion approved by the Court.