**Allen WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46154.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Jerry Calhoun, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Warren White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life imprisonment.

The appellant contends that the evidence is insufficient to support the conviction. Carl Wayne Wilkerson, an attendant at an Enco service station located at 3003 Ella Boulevard in Houston, testified that at approximately 3:30 a. m., a car was driven to the station by a man he identified as the appellant and in which there were two passengers whom he identified at the trial as Josh Stubblefield and Oscar Jones. The occupants of the car asked directions concerning a street with which Wilkerson was unfamiliar. At approximately 4:15 a.m., Jones and Stubblefield returned to the station on foot. Jones was holding a pistol and told Wilkerson that if he gave them any trouble he would kill him. At their demand Wilkerson gave Jones and Stubblefield fifteen dollars in bills and approximately two dollars in change.

A customer came to the station and Wilkerson was permitted to wait on the customer while Stubblefield was standing nearby. After the customer departed Wilkerson was required to take a red tool box from the station to a car which was parked on the other side of a fence, and place the tool box in the car.

The appellant was waiting in the car in the driver's seat. After Wilkerson was made to get into the car, the appellant drove the car about a block and a half and Wilkerson was permitted to get out of the car. He ran back to the service station and reported the robbery to the police giving them descriptions of the three men and the car. The descriptions, including the license plate number of the automobile, were broadcast and received by other officers. Soon thereafter the car and its three occupants were identified by officers as they drove into a Gulf station at the corner of Quitman and Jensen Drive. The appellant, who was driving the car, got out and was standing beside the gasoline pumps at the time he was arrested. Stubblefield and Jones were in the car. Two pistols were recovered from the men in the car. The red tool box and a TV set which had been

taken from the Enco service station were found in the car.

At the trial the appellant called Stubblefield and Jones to testify in his behalf. Stubblefield testified that although the appellant was in the car, that neither he nor the appellant knew that Jones was going to rob the attendant at the Enco station and that they in fact had no part in the robbery but that after the robbery and prior to their arrest they had gone to a place to eat breakfast. Jones invoked the privilege of the Fifth Amendment and refused to testify. When arrested, the three men had approximately eleven dollars about equally divided among them.

· The jury was charged on the theory of principals and was further instructed that the appellant's mere presence at the scene of the alleged robbery, if he were present, would not make him a principal.

The evidence is sufficient to show the appellant's guilt as a principal to the offense of robbery by assault and to sustain the jury's verdict. The jury evidently rejected the defendant's theory of the case. See and compare Hughes v. State, Tex. Cr.App., 493 S.W.2d 166 (1973) and Hill v. State, 466 S.W.2d 791 (Tex.Cr.App.1971).

At the punishment phase of the trial proof was made of the prior conviction which was alleged for enhancement purposes as well as several other felony convictions.

The appellant's second ground of error is: "The admission of hearsay testimony created an unsubstantiated conclusion in the jury's mind that the defendant was responsible for other crimes in the community."

 Under this ground of error our attention is directed to the places in the record concerned with the broadcast of the description of the robbers and the car. No objections were made to such testimony at the time of trial and the only allusion made to other robberies was made by defense counsel in his cross-examination. The record does not support this alleged ground of error. No error is shown.

In the remaining ground of error it is asserted that the arraignment of the appellant in the presence of the jury constituted reversible error. The only objection made at the time of arraignment was that the prosecutor was shouting and that he should arraign the appellant in a more calm manner. No other objection being made, no error was preserved. Roberts v. State, Tex.Cr.App., 493 S.W.2d 849 (1973); Stewart v. State, 473 S.W.2d 495 (Tex.Cr.App. 1971) and cf. Minafee v. State, 482 S.W. 2d 273 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.