### Ex parte Joe Oliver CAVETT.

### No. 49960.

Court of Criminal Appeals of Texas.

April 16, 1975.

---

1. See Willson's Criminal Forms, Sec. 2529 (7th Ed. 1966) for a sample Motion for a Bill of Discovery.

Melvyn Carson Bruder, Dallas (Court-appointed), *for appellant.*

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

BROWN, Commissioner.

This is a post-conviction application for writ of habeas corpus brought by an inmate of the Department of Corrections un-der the provisions of Article 11.07, Vernon's Ann.C.C.P. The trial court conducted an evidentiary hearing, the record of which is before this Court. On May 21, 1973, two attorneys walked into the impact court in Dallas, where they were approached by Ed Gay, an assistant district attorney, who asked them if they were ready to go to trial. Thinking Gay was joking, they said they were ready but did not have a defendant. Gay advised them that the next case up for trial was the robbery case of petitioner who was in the hold-over cell behind the courtroom. The attorneys agreed to talk to petitioner, whereupon Gay escorted them to the cell, introduced them to petitioner, advised petitioner that these were his attorneys and that petitioner was going to trial. Petitioner protested that he would not agree to be pushed into trial on such short notice. Gay then told petitioner that he had until 9:00 o'clock the next morning to sign a ten-day waiver and go to trial, and that if he did not do so, he, Gay, would resubmit petitioner's case to the grand jury for indictment as an habitual criminal and an automatic life sentence. Gay then left. The attorneys talked to petitioner for about ten or fifteen minutes and then left because petitioner would not agree to go to trial. The next morning petitioner was presented with a ten-day waiver which he signed, a jury was selected and the State put on its case. When the State rested so did petitioner. He was found guilty by the jury and his punishment was assessed by the court at 40 years. At the evidentiary hearing it was established that petitioner had a defense of alibi, but that his alibi witnesses were not subpoenaed.

In his findings, the trial court stated:

"The court concludes that the petitioner did not voluntarily, intelligently and freely waive his statutory ten days to prepare for trial because the waiver made by petitioner was the product of improper threats made to petitioner by the prosecutor. The court further concludes that because the petitioner and his appointed trial counsel did not have a

sufficient time (at least the statutory ten days) to prepare for trial following the appointment of counsel, the petitioner was denied an opportunity and the right to have at his trial witnesses who were then available and willing to testify to facts which were material to the case and which furnished a defense to the charge contained in the indictment in Cause No. C73–3616–KI."

We agree that under these facts petitioner did not have effective assistance of court-appointed counsel. Ex parte Daniel Gallegos (Tex.Cr.App.), 511 S.W.2d 510.

The petitioner is ordered released and remanded to the sheriff of Dallas County to answer the indictment in Cause No. C73–3616–KI in the convicting court.

It is so ordered.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I concur in the reversal of this conviction, only because the record reflects that the State unfairly pressured petitioner into waiving his ten days to prepare for trial.