Ex parte Patrick James HERRIN.

Ex parte Michael Wilson HERRIN.

No. 52052.

Court of Criminal Appeals of Texas.

May 19, 1976.

Gene A. Garcia, Rock Port, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

This is an original application for writ of habeas corpus filed in this Court by the petitioners seeking to invalidate their misdemeanor convictions. See Articles 11.05 and 11.09, V.A.C.C.P.

The petitioners were jointly indicted by the Live Oak County Grand Jury for the offense of aggravated assault, and the district court transferred the indictment to the county court for trial. On September 17, 1975, both petitioners were convicted, on their pleas of not guilty to the jury in Cause No. 4939, of the offense of aggravated assault and each was assessed punishment of 90 days imprisonment and a $500.00 fine. The time for filing a motion for new trial was waived, and both petitioners were immediately sentenced. No appeal was taken of either of these convictions.

■ On February 5, 1976, the petitioners filed a joint application for writ of habeas corpus with the trial court alleging that they were denied their right to counsel during their trial in violation of the protections guaranteed by the Sixth Amendment to the United States Constitution.[1] The trial court conducted a hearing on this application and subsequently denied the writ without findings of fact and conclusions of law. No notice of appeal was taken in a timely fashion, but petitioners have presented their case as an original application for writ of habeas corpus.

■ Initially, it should be noted that "[t]he original jurisdiction of this Court to issue writs of habeas corpus is unlimited." *State v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961). See also, Article 11.05, V.A.C.C.P. However, this Court has consistently held that the invocation of its original habeas corpus jurisdiction should be used only in extraordinary cases since the petitioner has the alternate remedy of applying for habeas corpus relief to the county or district court in the county of his jurisdiction. See *Ex Parte Rodriguez,* 169 Tex.Cr.R. 367, 334 S.W.2d 294 (1960); *Ex Parte Phelper,* 433 S.W.2d 897 (Tex.Cr.App. 1968); *Ex Parte Fitzpatrick,* 167 Tex.Cr.R. 376, 320 S.W.2d 683 (1959). In the case at bar, the petitioners have applied to the trial court for relief and have been denied. Even though no appeal was taken of that decision, we are of the opinion that original jurisdiction should be taken in this case since the petitioners have alleged substan-

tial violations of their fundamental constitutional rights.[2]

A reading of the testimony presented at the writ hearing, as well as the records on file in this case, permit us to summarize the sequence of events in this case. On or about October 18, 1974, the petitioners allegedly committed a joint assault on two persons. They were arrested on these charges and released on bond provided by their retained counsel, one of the members of the Texas Legislature. The records reflect that counsel sought and procured legislative continuances in the case as provided by law. See Article 2168a, V.A.C.S., as amended in 1973. At the conclusion of the legislative term, the trial court ordered the case to be set for trial on September 17, 1975, and all parties were notified of this setting.

■ On the date of trial, the petitioners both appeared in the county court of Live Oak County to attend their trial. However, their attorney did not appear. According to the testimony of the petitioners, which was unrebutted in this record, petitioners attempted to call their attorney by telephone, but he could not be located, at which time the petitioners asked for "a couple of days" to get another lawyer. This request for a continuance was denied, apparently because the trial court was of the opinion that the case had been too long delayed.

Thereafter, the trial court offered to appoint counsel for the petitioners in order that the trial begin immediately.[3] The peti-

---

1. Petitioners have also raised in this application for writ of habeas corpus the contention that they were not tried upon an information which was filed in the county court. The filing of an information in this case was immaterial, since both cases were tried upon valid indictments issued by the Live Oak County Grand Jury. No information was required. See *Suarez v. State,* 532 S.W.2d 602 (Tex.Cr.App.1976).

2. Our record shows that petitioner Patrick James Herrin was confined in the Live Oak County Jail under this sentence on January 2, 1976, and that petitioner Michael Wilson Herrin was so confined on January 9, 1976. When our jurisdiction was invoked, we admitted both to bail by an order dated March 16, 1976, so that petitioners would not have served out their

sentences before we completed our review of their applications before this Court.

3. The record does not reflect that any other licensed attorney was in the courtroom at the time of the petitioners' trial, except for the county attorney, the Honorable William L. Hardwick. There is no suggestion as to whom the court would have appointed at the last minute to represent these petitioners since the 1975 Texas Legal Directory reflects that there are only three other attorneys in the city of George West, Texas, the county seat of Live Oak County.

Furthermore, even if the court would have appointed counsel, petitioners and the attorney would have been entitled to ten days' prepara-

tioners apparently refused the appointment of counsel, stating that they wanted their own retained counsel of choice to be present. Since that attorney had failed to appear, without any fault on the part of the petitioners, the petitioners apparently decided to act as their own counsel *pro se* as their request for postponement had been denied.

The records reflect that the petitioners, both young and unlearned in the law, did not participate in the jury voir dire.[4] An application for probation was filed by the petitioners, after they were informed by the county attorney that probation was possible. The State presented its witnesses, with the petitioners conducting minimal, if any, cross-examination. Apparently, the petitioners' *father* assisted them in asking some of the questions. After the State had rested, the petitioners did not present any testimony, and there is no showing whether or not any jury argument was made, since there was no court reporter present at the trial of this cause.[5] After the petitioners were convicted, the formal sentence was pronounced, reflecting that the petitioners "waived" their time for filing a motion for new trial. Compare *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975) at Footnote No. 1. Apparently, the petitioners then entered their plea of guilty to the second charge and were once again convicted and sentenced without being represented by counsel.

On September 22, 1975, petitioners' retained counsel made his belated appearance in court, filing a motion for new trial and obtaining the petitioners' release on bond. An amended motion for new trial was filed on October 16, 1975, but there is no showing that a hearing was ever held on these motions.[6] No timely notice of appeal was given in the case. See Article 44.08, V.A.C.C.P.

The question presented in this case is whether the petitioners voluntarily and knowingly made a waiver of their right to counsel during these trials. It is well settled that criminal defendants in misdemeanor cases are entitled to counsel if there exists a possibility that imprisonment may be imposed. See *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Walker v. State*, 486 S.W.2d 330 (Tex.Cr.App.1972); *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972). However, a criminal defendant may waive his right to counsel if such waiver is made voluntarily and knowingly of the consequences thereof. See *Ex Parte Ross*, 522 S.W.2d 214 (Tex.Cr.App.1975); *Lewis v. State*, 501 S.W.2d 88 (Tex.Cr.App.1973); *Smith v. State*, 513 S.W.2d 586 (Tex.Cr.App.1974); *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976).

In the case at bar, we cannot conclude from the record before us that the petitioners made a knowing, intelligent, and voluntary waiver of their right to counsel merely because their trial counsel failed to appear on the date of the trial without fault of the petitioners. Recently, in the case of *Baker v. State*, 519 S.W.2d 648 (Tex.Crim.App. 1975), we reversed a conviction on almost identical facts as those presented in the case at bar. We hold that under the facts of this case, even though no claim of indigency was made at the time of the trial, petitioners have been denied the fundamental right to counsel in that they were effectively forced into representing themselves, pro se, in a jury trial, without a knowledge-

---

tion time. See Article 26.04, V.A.C.C.P.; *Crothers v. State*, 480 S.W.2d 642 (Tex.Cr.App. 1972); *Ex Parte Cavett*, 521 S.W.2d 619 (Tex. Cr.App.1975).

4. The record shows that Patrick Herrin was 18 years of age at the time of this trial, with brother Michael being 21 years of age, but without a high school education.

5. In our recent opinion of *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.1975), we held

that upon request county courts must provide court reporters for criminal trials. In the case at bar, there is no showing that the petitioners were advised of their right to have a court reporter.

6. Of course, motions for new trial filed after the date of formal sentencing need not be considered by the trial court. See *Roberts v. State*, 493 S.W.2d 849 (Tex.Cr.App.1973); *Hines v. State*, 495 S.W.2d 252 (Tex.Cr.App.1973).

able and intelligent waiver of the right to counsel. See *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Ex Parte Bird,* 457 S.W.2d 559 (Tex.Cr.App. 1970); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Baker v. State,* supra.

For the reasons stated above, the writ of habeas corpus is granted, these convictions are declared void, and the petitioners are ordered released to the Sheriff of Live Oak County to answer the charges pending in Causes Nos. 4939 and 4940.

It is so ordered.

Approved by the Court.