**Affirmed and Opinion Filed October 19, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01567-CR

**ANDRES HERNANDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-62691-Q**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

A jury convicted Andres Hernandez of indecency with a child by contact, and punishment was assessed at twelve years in prison. In three issues, appellant complains he was denied effective assistance of counsel and the trial court committed fundamental error by allowing (1) the prosecutor to ask him, in the presence of the jury, if he was the accused and (2) a detective to testify he believed the child. We affirm.

Appellant, a pastor, was a friend of the family of ten-year-old P.M. Appellant asked P.M. and her older brother, E.M., who was fourteen, to go to the church with him to practice music. When they arrived, appellant said P.M. was going to help him clean his office while E.M. went to a different building to set up the equipment. While in the office, appellant touched P.M.'s breast, touched her vagina over her clothing, and made her touch his penis until he ejaculated.

He told P.M. not to tell anyone. After they practiced music, appellant took P.M. and E.M. home. Some time that same day, P.M. told her sisters and E.M. what happened. Her oldest sister, who was nineteen, called the police, who came and talked to P.M. P.M. was then taken to the hospital by ambulance to be examined. Police arrested appellant that night.

In his first issue, appellant contends he was denied effective assistance of counsel when his trial counsel failed to object to (1) witnesses, other than the outcry witness, testifying to P.M.'s hearsay statements about the offense, (2) the paramedic and supervising physician testifying about documents prepared by other people, on confrontation grounds, (3) the prosecutor asking appellant, in front of the jury, if he was the accused, and (4) the detective's testimony that he believed P.M..

To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011), citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142.

We must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. To find counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the record, and we must not engage in retrospective speculation. *Id*. When such direct evidence in not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id*.

The court of criminal appeals has made clear that, in most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of

reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Further, counsel should ordinarily be accorded the opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W3d 591, 593 (Tex. Crim. App. 2012). Because the reasonableness of trial counsel's choices often involve facts that do not appear in the appellate record, an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Here, appellant did not file a motion for new trial and thus the record is silent as to trial counsel's reasons for not making the objections to evidence appellant believes he should have made. Because the record provides no explanation for counsel's actions or inactions, appellant has not met his burden of overcoming the strong presumption of reasonable assistance. *See Lopez*, 343 S.W.3d at 143–44 (concluding silent record failed to show deficient performance by trial counsel who failed to object to outcry-witness testimony and opinion testimony on witness's credibility); *Menefield*, 363 S.W.3d at 593 (concluding silent record failed to show deficient performance by trial counsel who failed to object, on confrontation grounds, to lab report when analyst conducting test did not testify). We overrule the first issue.

In issues two and three, appellant complains the trial court committed fundamental error with respect to two of the same issues he raised as ineffective assistance of counsel. Specifically, he contends the trial court erred by (1) allowing the prosecutor, while reading the indictment to the jury, to ask appellant, "Is that your name, sir," to which appellant responded, "Correct", and (2) allowing the detective to testify he believed P.M. He argues that both complaints fall within the "second category of rights" that are "not forfeitable" under *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), and therefore he did not need to object.

The court of criminal appeals has explained that rights not requiring an objection are a "narrow exception" to the general rule that error must be preserved. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). In fact, almost all error—even constitutional error—may be forfeited if the appellant failed to object. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Here, appellant makes no attempt to explain why these complaints are not forfeitable. After considering the specific complaints, we see no reason why both should not require an objection below. *See Fuller*, 253 S.W.3d at 232 (explaining that failure to object forfeits complaints about admissibility of evidence, even if alleged error concerns constitutional right of defendant); *Stewart v. State*, 473 S.W.2d 495, 497 (Tex. Crim. App. 1971) (concluding no error presented when defendant failed to object below to arraignment in presence of jury). Accordingly, neither issue is preserved. We overrule issues two and three.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151567F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDRES HERNANDEZ, Appellant

No. 05-15-01567-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-62691-Q.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 19, 2016.