IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,799-01






EX PARTE DANIEL RIVERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0317157 IN THE 8TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
felony driving while intoxicated as a habitual felony offender and was sentenced to thirty
years' imprisonment. He did not appeal his conviction.

 Applicant raises two claims of ineffective assistance of trial counsel. In his first claim,
Applicant contends the DWI the subject of this habeas application could not be charged as
a felony because one of the prior DWI misdemeanor convictions used for enhancement was
not counseled. See Ex parte Olvera, 489 S.W.2d 586, 589 (Tex. Crim. App. 1973); see also
Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). Had trial counsel investigated and
learned this fact, he states he would not have pleaded guilty. In his second claim, Applicant
asserts he notified trial counsel he would plead guilty if counsel would attempt to obtain
felony probation as punishment. Applicant then entered a guilty plea and received a 30-year
sentence as habitual felony offender. He complains counsel failed to inform him he was not
eligible for felony probation because of his prior criminal history, which consisted of at least
three felonies. But for this bad advice, Applicant asserts he would not have pleaded guilty.

 Regarding the first claim, Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court
is the appropriate forum for findings of fact. The trial court shall order Applicant's trial
counsel to respond to Applicant's first claim of ineffective assistance of counsel. See Ex
parte Patterson, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998). In the affidavit, trial counsel
shall state whether he investigated the validity of the prior convictions alleged in the
enhancement paragraph of the indictment and his reasons for not objecting to the
enhancement paragraph. If trial counsel's actions were based on trial strategy, counsel shall
explain this strategy.

 In addition to obtaining this affidavit from trial counsel, the trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve disputed factual issues.
In the appropriate case, the trial court may rely on its personal recollection. Id. If the trial
court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. See Strickland,466 U.S. at 687. In doing so, the trial court shall make
findings regarding whether Applicant was indigent during the prior DWI proceedings in
cause number 6526 from the County Court of Kinney (conviction dated January 30, 1987);
whether Applicant was entitled to appointed counsel in those proceedings; whether, if so
entitled, Applicant voluntarily waived his right to appointed counsel; and whether Applicant
entered the guilty plea in that case without the assistance of either appointed or retained
counsel. The trial court shall also make any other findings of fact that it deems relevant and
appropriate to the disposition of Applicant's first claim for habeas corpus relief.

 Applicant's second claim for habeas corpus relief is without merit and is denied. See
Tex. Code. Crim. Proc. art. 42.12 § 4(d)(3), (e); §§ 3(a), 3G; § 5(d)(1)(A).

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: January 11, 2012

Do not publish