# NOS. 12-12-00253-CR
# 12-12-00254-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES ALLEN JACKSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charles Allen Jackson appeals his convictions for driving while intoxicated (12-12-00253-CR) and assault on a public servant (12-12-00254-CR). Appellant raises two issues on appeal. We modify both judgments and affirm as modified.

## BACKGROUND

Appellant was charged by separate indictments for the offenses of driving while intoxicated (DWI) and assault on a public servant.[1] The indictment charging Appellant with driving while intoxicated (DWI) alleged that he was previously convicted of two misdemeanor DWIs in the County Court at Law of Smith County.

Both indictments alleged that Appellant was previously convicted of felony DWI in cause number 241-80308-99 in the 241st Judicial District Court of Smith County, Texas (Smith County felony DWI). The State also sought to enhance Appellant's punishment range under the habitual

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2011); TEX. PENAL CODE ANN. §§ 49.04(a); 49.09(b) (West Supp. 2012).

offender statute by alleging that Appellant was previously convicted of another felony DWI in Henderson County before he committed the current offenses and after he was convicted of the Smith County felony DWI.[2]

Appellant filed motions to quash the indictment and habitual offender enhancement paragraph, alleging that the misdemeanor DWI convictions used to elevate the current DWI and prior felony DWIs are void. The trial court denied Appellant's motion to quash in each case. Thereafter, Appellant pleaded "guilty" to both indictments and pleaded "true" to all enhancement allegations. The trial court sentenced Appellant to thirty years of imprisonment on both cases. This appeal followed.


## MOTION TO QUASH

In his first issue, Appellant argues that the trial court erred by permitting the State to use the prior misdemeanor convictions to enhance his DWI to a felony because he was not represented by counsel when he pleaded guilty and therefore the convictions are void. He also argues that the trial court erred by allowing the punishment range to be enhanced under the habitual offender statute because his prior felonies are based on the same void misdemeanor convictions.

### Standard of Review

A trial court, on motion by a defendant, may set aside, quash, or dismiss a charging instrument for a defect in form or substance. *See* TEX. CODE CRIM. PROC. ANN. arts. 27.08, 27.09, 28.01 (West 2006). We review a trial court's ruling on a motion to quash a charging instrument de novo. *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010).

### Applicable Law

A prior conviction used to enhance a subsequent offense may be collaterally attacked on direct appeal of the subsequent conviction only if the prior judgment is void. *See Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007); *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979); *see also Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001) ("A void judgment is a 'nullity' and can be attacked at any time.").

A judgment is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012).

instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when the right to counsel has not been waived, in violation of *Gideon v. Wainwright*.[3] *Id.* at 668.

For a judgment to be void, "the record must leave no question about the existence of the fundamental defect." *Id.* If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect. *Id.* at 668-69; *see also McCarty v. State*, No. 06-11-00060-CR, 2011 WL 4377968, at *2 (Tex. App.—Texarkana Sept. 21, 2011, no pet.) (mem. op., not designated for publication) ("When there is a claim that an indigent person was denied counsel, or that a waiver of counsel was involuntary, the record must demonstrate the truth of the claim.").

There can be no question that where an accused is indigent, without counsel, and does not waive his right to counsel, his conviction is void and cannot be used for enhancement of punishment for another offense. *Ex parte Olvera*, 489 S.W.2d 586, 589 (Tex. Crim. App. 1973). Judgments reflecting convictions are presumed to be regular. *Williams v. State*, 946 S.W.2d 886, 900 (Tex. App.—Waco 1997, no pet.). In attacking the validity of the misdemeanor convictions in this case, Appellant has the burden to prove that (1) he was indigent, (2) he was without counsel, and (3) he did not voluntarily waive the right to counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985) ("[A]ppellant must show that he was without counsel by some evidentiary vehicle other than simply his own testimony. To hold otherwise would allow the mere assertions of a defendant to invalidate convictions obtained nearly twenty years ago.").

**Discussion**

More than twenty years ago, Appellant pleaded guilty to the misdemeanor DWIs that were used to enhance his current felony DWI case and his three prior felony DWIs. Appellant pleaded guilty to all three of his prior felony DWIs. When he pleaded guilty to these felonies, he was represented by counsel and never challenged the misdemeanor DWIs.

The judgments of conviction for the misdemeanor DWIs show that Appellant appeared, "without his attorney [and] after being duly admonished of the consequence[s] therefor[] before

___

[3] *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

the Court, pleaded 'Guilty' . . . and waived a trial by jury. . . ." Appellant testified that, contrary to the assertions in the judgments, he was not admonished that he had the right to counsel or appointed counsel before he pleaded guilty to either misdemeanor DWI.

Appellant testified that he did not remember "the range of punishment or anything being discussed," but the range of punishment was specified in the written plea admonishments that contained his signature. The written admonishments also stated that by pleading guilty, Appellant was "aware of the consequences" of his plea, and that he would be waiving his "right to a jury," and his "right to appearance, confrontation[,] and cross-examination of the witnesses." Nevertheless, Appellant testified that he never saw a written waiver of his right to confrontation, and that the trial court did not specifically tell him that he had the right to have appointed counsel. None of the written admonishments or judgments in the misdemeanor DWIs identified an attorney purporting to represent Appellant in his guilty pleas.

## Conclusion

It is apparent that Appellant was not represented by counsel when he pleaded guilty to the misdemeanor DWIs. But the evidence fails to show that Appellant was indigent at the time he pleaded guilty to these misdemeanors.[4] *See Disheroon*, 687 S.W.2d at 334; *Ex parte Olvera*, 489 S.W.2d at 589; *McCarty*, 2011 WL 4377968, at *2. Thus, the record leaves a question about whether a fundamental defect in the misdemeanor convictions even exists. *See Nix*, 65 S.W.3d at 668. A transcript of the plea hearing might have shown that Appellant voluntarily waived counsel and was informed by the trial court of the dangers of self-representation. *See id.* at 669. Appellant did not satisfy his burden of proof because we cannot ascertain the truth of Appellant's claims on this record. *See id.*; *Disheroon*, 687 S.W.3d at 334. We conclude that the trial court did not err by denying Appellant's motion to quash. *See Nix*, 65 S.W.3d at 669. Accordingly, we overrule Appellant's first issue.

### SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

In his second issue, Appellant contends that the trial court erred in each case by "imposing court costs not supported by the . . . bill of costs and by ordering that the same be withdrawn from [his] inmate trust account." Since the filing of Appellant's brief, the record in each case has been

---

[4] Counsel for Appellant candidly concedes this point in his brief.

4

supplemented with a bill of costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet. h.) (permitting supplementation of record with bill of costs). Accordingly, we review Appellant's second issue as a challenge to the sufficiency of the evidence supporting court costs in each case.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.).

**Discussion**

In Appellant's DWI case (cause number 12-12-00253-CR), the judgment of conviction reflects that the trial court assessed $764.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $764.00. The certified bill of costs itemizes the court costs imposed, which also total $764.00. We have reviewed each of the fees listed in the bill of costs. Except for the items listed as "attorney fees" and "graffiti eradication fund," all other costs and fees are authorized by statute.

5

The State concedes that the assessment of attorney's fees in cause number 12-12-00253-CR is improper. The trial court twice determined that Appellant was indigent, and there is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 377 S.W.3d at 144. Consequently, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146.

The "graffiti eradication fund" fee should not be imposed unless an individual is convicted of an offense under Section 28.08 of the penal code.[5] Appellant was not convicted under Section 28.08 in either case. Accordingly, the evidence is insufficient to support the imposition of the "graffiti eradication fund" cost. The evidence is, however, sufficient to support the imposition of $459.00 in court costs. We sustain Appellant's second issue, in part, as it pertains to cause number 12-12-00253-CR.

In Appellant's assault against a public servant case (cause number 12-12-00254-CR), the judgment of conviction reflects that the trial court assessed $584.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $584.00. The certified bill of costs itemizes the court costs imposed, which total $284.00. We have reviewed each of the fees listed in the bill of costs, and all are authorized by statute. There is no explanation in the record to account for the discrepancy between the amounts contained in the judgment and the bill of costs. The evidence is insufficient to support the imposition of the $300.00 in additional costs that are not enumerated in the bill of costs. The evidence is, however, sufficient to support the imposition of $284.00 in court costs. We sustain Appellant's second issue, in part, as it pertains to cause number 12-12-00254-CR.

## DISPOSITION

We have overruled Appellant's first issue, but have sustained Appellant's second issue in

---

[5] A person commits a criminal offense under Section 28.08 if, "without the effective consent of the owner, the person intentionally or knowingly makes markings, including inscriptions, slogans, drawings, or paintings, on the tangible property of the owner with: (1) paint; (2) an indelible marker; or (3) an etching or engraving device." TEX. PENAL CODE ANN. § 28.08 (West 2011).

part.

In cause number 12-12-00253-CR, we modify the trial court's judgment to reflect that the amount of court costs is $459.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $459.00. *See, e.g., **Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We ***affirm*** the judgment of the trial court ***as modified*** in cause number 12-12-00334-CR. *See* TEX. R. APP. P. 43.2(b).

In cause number 12-12-00254-CR, we modify the trial court's judgment to reflect that the amount of court costs is $284.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $284.00. *See, e.g.*, ***Reyes***, 324 S.W.3d at 868. We ***affirm*** the judgment of the trial court ***as modified*** in cause number 12-12-00334-CR. *See* TEX. R. APP. P. 43.2(b).

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered July 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2013**

## NO. 12-12-00253-CR

**CHARLES ALLEN JACKSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0634-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** in cause number 12-12-00253-CR to reflect that the amount of court costs is $459.00 and that Attachment A be modified to state that the total amount of "court costs, fees and/or fines and/or restitution" is $459.00; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

8



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 3, 2013

### NOS. 12-12-00254-CR

**CHARLES ALLEN JACKSON,**

Appellant

V.

**THE STATE OF TEXAS,**

Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0635-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** in cause number 12-12-00254-CR to reflect that the amount of court costs is $284.00 and that Attachment A be modified to state that the total amount of "court costs, fees and/or fines and/or restitution" is $284.00; **that as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

9